1  Name: DOMINIQUE KEITH

2  Address: 229 W QUEEN ST APT 14

3  INGLEWOOD,CALIFORNIA

4  Phone: (310)341-8690

5  Fax: _____

6  In Pro Per

7

FILED
CLERK, U.S. DISTRICT COURT

MAR 1 4 2022

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10  DOMINIQUE KEITH

11

12                                    Plaintiff

13                        v.

14  CARVANA LLC and BRIDGECREST
    ACCEPTANCE CORPORATION and its
15  subsidiaries (BRIDGECREST) and
    COASTLINE RECOVERY SERVICES
16                                    Defendant(s).

CASE NUMBER:

LACV2201668-JLS-KS

To be supplied by the Clerk of
The United States District Court

COMPLAINT

17  DEMAND: 5,002,600 PUNITIVE DAMAGES AND ACTUAL
18  DAMAGES AND STAUTORY DAMAGES AND AWARDING SUCH
    OTHE RELIEF THAT THE COURT MAY DEEM PROPER AND
19  JUST.

20
    THE FAIR DEBT COLLECTION PRACTICES ACT
21  The Fair Debt Collection Practices Act is intended to eliminate abusive
22  debt collection practices by debt collectors and to secure my right to
23  privacy and my privacy has been breached.

24
    THE TRUTH IN LENDING ACT
25  The Truth in Lending Act purpose is to assure a meaningful disclosure of
26  credit terms so that the consumer will be able to compare more readily the
    various credit terms available to him and avoid the uniformed use of
27  credit, and to protect the consumer against inaccurate and unfair credit
28  billing and credit card practices.

**ORIGINAL**

FRAUD DURING THE CONSUMER CREDIT TRANSACTION

I am the consumer the natural person the original creditor under the Truth In Lending Act 15 usc 1602(g) Creditor as defined I am the natural person the consumer who regularly extends consumer credit. CARVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) has committed fraud against me. Using fraudulent misrepresentations and fraudulent concealment during a consumer credit transaction. Causing injury, damages, mental anguish, emotional disturbance and losses due to me being a victim of identity theft, and unauthorized use of my credit card, and negligence by CARVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST).Under the Fair Debt Collections Practices Act 15 usc 1692a(6) BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) is a debt collector, BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) uses instrumentalities of interstate commerce, mails included for the principal purpose to collect debt. As well as regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Letters mailed to my home from BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) after CFPB complaints and requests for debt validation, contained this inadequate disclosure from the debt collector "this is an attempt to collect a debt and that any information obtained will be used for that purpose".

I the consumer the original creditor the natural person entered into a consumer credit transaction on 10/27/2021 for a purchase of a vehicle which is the 2018 Buick Encore with CARVANA LLC the vehicle was delivered 10/29/2021, CARVANA LLC assigned the alleged contract which is a fraudulent deceptive form furnished as pursuant 15 usc 1692j to BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST). Thus creating a false belief in me the consumer that an alleged loan took place with the use of fraudulent misrepresentations, along with fraudulent concealment of the conduct and of material fact. When CARVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) had a duty to disclose the required Truth In Lending Act information but was negligent. With the deceptive forms furnished and fraudulent misrepresentations CARVANA LLC and

15 usc 1692e(11)   15 usc 1602(p)
15 usc 1692d(1)   12 CFR 226.4

15 wc 1692K

December 28, 2021

**Bridgecrest**

⤷ 15 usc 1692f(8)

Consumer Financial Protection Bureau

Re: Complaint # 211213-7773624

15 usc 1691(a)(3)    15 usc 1692g(4)

15 usc 1611   15 usc 1640   15 usc 1635(b)
15 usc 1635(g)

To Whom It May Concern:

15 usc 1692a(4)   15 usc 1692e(k)

Thank you for bringing this matter our attention. Bridgecrest Acceptance Corporation and its subsidiaries (Bridgecrest) appreciate the opportunity to address Ms. Dominque Keith's concerns. Bridgecrest collaborated with Carvana, the vehicle retailer, for this response. We have determined Ms. Keith is responsible for the amount due under her Retail Installment Contract and Security Agreement (Contract) and we have followed all applicable state and federal laws in the administration of her loan. Please see the following for a summary of this matter.

⤷ 12 usc 1431      15 usc 1692e(2)(a)

On October 29, 2021, Ms. Keith entered into the Retail Installment Contract and Security Agreement (Contract) when she purchased a 2018 Buick Encore from Carvana. Bridgecrest is the account servicer. Ms. Keith agreed to a total sales price of $53,341.14. The sales price included the cash price of the vehicle, down payment, finance charge, and two optional ancillary products. Ms. Keith opted to purchase Guaranteed Asset Protection (GAP) coverage and a Vehicle Service Contract (VSC). She agreed to make 71 monthly payments of $707.00, beginning November 29, 2021, and one final payment of $544.14. This information is outlined in the Federal Truth in Lending Disclosure on page one of Ms. Keith's Contract.

✓ 15 usc 1635(a)                    15 usc 1611

Carvana offers a Vehicle Return Program (VRP) which allows customers seven calendar days from the date of purchase to return their vehicle and rescind their Contract. This is outlined on page two of the *Retail Purchase Agreement* which was reviewed and signed by Ms. Keith. Ms. Keith did not attempt to return her vehicle within the VRP timeframe or at any point thereafter. Additionally, Ms. Keith missed her first scheduled due date on November 29, 2021. 15 usc 1692e(7)

5 usc 1692(2)(a)

On December 10, 2021, at 11 days past due, Bridgecrest received a letter from Ms. Keith, dated December 2, titled "Notice of Rescission." This same day, we sent responsive correspondence to the address listed in her letter, which matched our records, validating her debt and included a copy of her Contract for her records. Additionally, we encouraged her to contact us to discuss her past due balance or return her vehicle. On December 21, at 22 days past due, Bridgecrest received a second letter from Ms. Keith requesting we discontinue all communications with her and rescind her Contract while allowing her to retain possession of the vehicle. This same day, we sent responsive correspondence to the address listed in her letter validating her debt and included a copy of her Contract for her records. Our response letters were sent via United States Postal Service and have a seven to ten business day arrival timeframe. 18 usc 1341   18 usc 1951

Upon receipt of Ms. Keith's complaint, Bridgecrest reviewed her concerns and confirmed that we have followed all policies, procedures and applicable laws concerning the administration of her loan. Please be aware that we were unable to view two image attachments Ms. Keith uploaded with her complaint. We spoke with her on December 23, 2021, to inform her we mailed two

⤷ 12 usc 1431   18 usc 1005   18 usc 876(d)
18 usc 875(d)        Exhibit A        page 1
15 usc 1692d(2)
15 usc 1692e(7)   18 usc 1962(a)   18 usc 1961(1)

FRAUD

12 CFR 226.4(a)(d)(5)
15 usc 1605(a)(5)

15 usc 1692g

15 USC 1635(b)[3]
15 USC 1635(b)
15 USC   15 USC 1635(g)

15 USC 1621

# Bridgecrest

response letters and explained that we are unable to accommodate her request for her to retain possession of her vehicle and rescind her Contract. We explained that Carvana offered a seven-day VRP, and she would have needed to return her vehicle in order to rescind her Contract. Additionally, we confirmed the account is her responsibility and have accommodated her December 21 request to discontinue communication attempts by placing a cease and desist on her account. Ms. Keith remains dissatisfied with Bridgecrest.

Bridgecrest thanks the Consumer Financial Protection Bureau for allowing us the opportunity to address this matter. Should you or Ms. Keith have any additional questions or concerns, please feel free to contact our Customer Relations department at (800) 967-8854.

Sincerely,

Rebekah O
Agency Specialist

15 usc 1691(a)(3)
15 usc 1611
15 usc 1640
15 usc 1692j
18 usc 875(d)
18 usc 876(d)

15 usc 1692a(4)
15 usc 1692e(10)
15 usc 1692e(11)
12 usc 1431
18 usc 1341
18 usc 1951(a)
18 usc 1961(1)
18 usc 1962(a)
18 usc 1962(b)
18 usc 1962(c)
18 usc 1962(d)
18 usc 876

Exhibit A

Exhibit B

DocuSign Envelope ID: B1110E7C-5BBA-40AF-B321-F31BD4A71441

Exhibit B 

## PRE-CONDITIONAL SALE CONTRACT
## OPTIONAL PRODUCTS AND SERVICES DISCLOSURE

 CARVANA

| YOUR CARVANA VEHICLE | | BUYER | |
|---|---|---|---|
| 2018 Buick Encore | 15 usc 1692j | Dominique Lauren Keith | 15 usc 1605(a) |
| SUV | 15 usc 1692d | 228 W Queen St Apt 14 | 15 usc 1692e(2)(A) |
| **Exterior Color:** White | 15 usc 1635 | Inglewood CA 90301-1794 | 15 usc 1611 |
| **VIN:** KL4CJASBXJB714801 | | 310-341-8690 | 15 usc 1691(a)(3) |
| **Miles:** 14769 | | | 15 usc 1692e(10) |

This form (this "Disclosure") discloses the costs of the optional products and/or services which you have requested for the vehicle you intend to purchase, as well as the impact on your forecasted installment payment. This Disclosure precedes your execution of a conditional sale contract, and is not a purchase contract. Below, you will see your anticipated installment payments and term if these optional products and/or services are or are not included with your purchase. The optional products and/or services identified in this Disclosure are not required as a condition to your vehicle purchase, or to obtain financing for the vehicle. The products and/or services identified below will be separately itemized on the conditional sale contract you will receive and sign when you agree to purchase the vehicle, following your review, understanding, and execution of this Disclosure.

### OPTIONAL PRODUCTS AND/OR SERVICES

| | |
|---|---|
| ☐ Optional Debt Cancellation Agreement (GAP Protection), paid to Ally | $ 795.00 |
| ☐ Optional Vehicle Service Contract, paid to SilverRock | $ 1,475.00 |
| ☐ Optional Cosmetic Protection Product, paid to Assurant | $ N/A |
| ☐ Optional Prepaid Maintenance Coverage | $ N/A |
| **TOTAL** | $ 2,270.00 |
| Available Installment Payment **EXCLUDING** Above-Listed Optional Items* | $ _____ |
| Term (months) | — |
| Down Payment | $ _____ |
| Available Installment Payment **INCLUDING** Above-Listed Optional Items* | $ 707.00 |
| Term (months) | 72 |
| Down Payment | $ 2,600.00 |

*Based upon estimated available financing terms, excluding and including the optional products and/or services identified above, and subject to further verification, underwriting, and/or change at your discretion and/or at Carvana's discretion.

THE ABOVE-IDENTIFIED INSTALLMENT PAYMENT INCLUDES: THE PRICE OF YOUR VEHICLE, THE OPTIONAL ITEMS DESCRIBED ABOVE, FINANCE CHARGES, APPLICABLE GOVERNMENT FEES AND TAXES, AND OTHER RELEVANT CHARGES AS IDENTIFIED IN THE DISCLOSURES AND THE CONTRACTS ACCOMPANYING YOUR PURCHASE.

**Buyer's Signature:** _Dominique Keith_ **Date:** 10/29/2021

By singing below, you are acknowledging your receipt, review, and understanding of a completed copy of this Disclosure document before executing a conditional sale contract for the above vehicle. You are also consenting to include the above charges in the conditional sale contract involving the vehicle.

page 3

DocuSign Envelope ID: B106E2C-5B8A-40AF-B321-F31BD4A7144

*18 usc 875(d)*      *15 usc 1692J*      CA-102 10/10/2015

# Conditional Sale Contract and Security Agreement

| Seller Name and Address | Buyer and Co-Buyer Name(s) and Address(es) | |
|---|---|---|
| CARVANA, LLC | Dominique Lauren Keith | Contract No. 2001246278 |
| 63 PIERCE RD | 225 W Queen St Apt 14 *15 usc 1611* | Date 10/29/2021 |
| WINDER, GA 30680-7380 | Inglewood CA 90301-1794 *15 usc 1692a(4)* | *12 usc 1431* |

*12 CFR § 226.4*      *15 usc 1640*

Dealer # N/A   ROS# N/A   Stock # 2001246278

Primary use of the vehicle is personal, family, or household use unless otherwise indicated: ☐ Primary use is business, commercial or agricultural purpose.   *15 usc 1666(B)*    *15 usc 1692a(4)*

## Truth-In-Lending Disclosure

| Annual Percentage Rate The cost of your credit as a yearly rate. | Finance Charge The dollar amount the credit will cost you. *15 usc 1692f(2)(a)* | Amount Financed The amount of credit provided to you or on your behalf. *15 usc 1692e(2)(a)* | Total of Payments The amount you will have paid when you have made all scheduled payments. *15 usc 1692e(2)(a)* | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 2000.00 |
|---|---|---|---|---|
| 27.199 % | $ 25,792.14 | $ 24,949.00 | $ 50,741.14 | $ 53,341.14 |

*(e) means estimate*   *15 usc 1605*

Payment Schedule. Your payment schedule is:

| No. of Payments | Amount of Payments | When Payments are Due | |
|---|---|---|---|
| 71 | $ 707.00 | *15 usc 1692 e(10)* Monthly Beginning 11/29/21 | |
| 1 | $ 544.14 | *15 usc 1692 e(11)* 10/29/21 | |
| N/A | $ N/A | *15 usc 1635(a)* N/A | *15 usc 1692e(2)(a)* |
| N/A | $ N/A | *15 usc 1692 d(1)* N/A | *12 CFR 226.4* |
| N/A | $ N/A | *15 usc 1691(a)(3)* N/A | |

Security. You are giving us a security interest in the Property purchased.

Late Charge. If all or any portion of a payment is not paid within 10 days of its due date, you will be charged a late charge of 5% of the unpaid amount of the payment due.   *15 usc 1612d(2)*

Prepayment. If you pay off this Contract early, you will not have to pay a penalty.

Contract Provisions. You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.   *15 usc 1602(P)*

## Description of Property

| New/Used | Year | Make | Model | Style | Vehicle Identification Number | Odometer Mileage |
|---|---|---|---|---|---|---|
| Used | 2018 | Buick | Encore | SUV | KL4CJASBXJB714801 | 14769 |

## Trade-In Description; Payoff Accuracy; Agreement

Trade-In Vehicle:

| Year N/A | Make N/A | Model N/A |
|---|---|---|
| Odometer N/A | | VIN N/A |

The payoff amount of your trade-in is shown in 6.B. of the Itemization of Amount Financed on Page 2. We relied on information from you and/or the lienholder or lessor of your trade-in vehicle to arrive at the amount shown in 6.B. You understand the payoff amount is an estimate. You agree that if the actual payoff amount is greater than the amount shown in 6.B. you will pay us the difference if we ask for it. If the actual payoff amount is less than the amount shown in 6.B. we will refund to you any overage we receive from your prior lienholder or lessor. Subject to the NOTICE in the "Owner Agreement" section of this Contract, any assignee of this Contract will not be obligated to pay the amount shown in 6.B. or any refund.

Buyer: *Dominique Keith*   Dominique Lauren Keith    Co-Buyer: N/A

## Important Notices

**Seller Assisted Loans.**

You may be required to pledge security for the loan. You will be obligated for the installment payments on both this Conditional Sales Contract and the Loan.

| Lender on loan N/A | |
|---|---|
| Amount $ N/A | Finance Charge $ N/A |
| Total $ N/A | Payable in N/A installments of |
| $ N/A | $ N/A of loan proceeds |

included in item 6.D. of the Itemization of Amount Financed on Page 2.

**Auto Broker Fee.**

If the Vehicle is new, this transaction is not subject to a fee received by an auto broker from us unless this box is checked:

☐ Name of auto broker receiving fee:

DocuSign Envelope ID: B1106E2C-5B8A-4DAF-B321-13FB04A71661

## Itemization of Amount Financed *(Seller may retain or receive part of the amounts paid to others.)*

### 1. Cash Price Itemization

| | | |
|---|---|---|
| A. Cash Price (excluding items 1.B to L.3) | | $ 22,590.00 — 15 usc 1605 |
|   1. Cash Price of Vehicle | $ 22,590.00 | |
|   2. Cash Price of Accessories | $ N/A | |
|   3. Other _____ N/A | $ N/A | |
|      N/A | $ N/A | |
| B. Document Processing Charge (not a governmental fee) | | $ N/A |
| C. Emissions Testing Charge (not a governmental fee) | | $ N/A |
| D.1 (Optional) Theft Deterrent Device paid to _____ N/A | | $ N/A |
| D.2 (Optional) Theft Deterrent Device paid to _____ N/A | | $ N/A |
| D.3 (Optional) Theft Deterrent Device paid to _____ N/A | | $ N/A |
| E.1 (Optional) Surface Protection Product paid to _____ N/A | | $ N/A |
| E.2 (Optional) Surface Protection Product paid to _____ N/A | | $ N/A |
| F. EV Charging Station paid to _____ N/A | | $ N/A |
| G.1 Sales Tax (on taxable items in A through F.) | | $ 2,259.00 |
| G.2 Other Taxes    Vehicle Inventory Tax, Business Tax | | $ 0.00 |
| H. Electronic Vehicle Registration or Transfer Charge (not a governmental fee) paid to _____ N/A | | $ N/A — 15 usc 1605 |
| I.1 (Optional) Service Contract paid to _____ SilverRock | | $ 1,475.00 |
| I.2 (Optional) Service Contract paid to _____ N/A | | $ N/A |
| I.3 (Optional) Service Contract paid to _____ N/A | | $ N/A |
| I.4 (Optional) Service Contract paid to _____ N/A | | $ N/A |
| I.5 (Optional) Service Contract paid to _____ N/A | | $ N/A |
| J. Prior Credit or Lease Balance paid to _____ N/A (see down payment and trade-in calculation) | (e) | $ 0.00 |
| K. Optional Gap Waiver paid to Seller | | $ 795.00 |
| L.1 (Optional) Used Vehicle Contract Cancellation Option Agreement | | $ N/A |
| L.2 Other paid to _____ N/A _____ for _____ N/A | | $ N/A |
| L.3 Other paid to _____ N/A _____ for _____ N/A | | $ N/A |
| M. Total Cash Price (A through L.3) | | $ 27,119.00 (1) |

### 2. Amounts Paid to Public Officials

| | |
|---|---|
| A. License Fees | $ N/A |
| B. Registration/Transfer/Titling Fees | $ 61.00 |
| C. California Tire Fees | $ N/A |
| D. Other _____ State Fees | $ 369.00 |
| Total Official Fees (A through D) | $ 430.00 (2) |

3. Amount Paid to Insurance Companies (See Statement of Insurance, Totals (1) and (2))   $ N/A (3)

4. ☐ State Emissions Certification Fee or ☐ State Exemption Fee   (Paid to State)   $ N/A (4)

5. Subtotal (1 through 4)   $ 27,549.00 (5)

### 6. Total Downpayment

| | |
|---|---|
| A. Agreed Trade-In Value | $ 0.00 |
| B. Less Prior Credit or Lease Balance (e) | $ N/A |
| C. Net Trade-In (A less B) (indicate if a negative number) | $ 0.00 |
| D. Deferred Downpayment | $ N/A |
| E. Manufacturer's Rebate | $ N/A — 15 usc 1605 |
| F. Other _____ N/A | $ N/A |
| G. Cash | $ 2,600.00 |
| Total Downpayment (C through G) | $ 0.00 (6) |

(If negative, enter zero on line 6 and enter the amount less than zero as a positive number on line 1.J. above)

7. Prepaid Finance Charge    12 CFR 226.4    $ N/A (7)

8. Amount Financed (5 less 6 and 7)    $ 24,949.00 (8)

15 usc 1611    15 usc 1692 e(10)    15 usc 1635

15 usc 1692 j    15 usc 1692 e(11)

15 usc 1692e(2)(a)    15 usc 1691(a)(3)    15 usc 1692a(4)

DocuSign Envelope ID: B1106E2C-5BBA-40AF-B321-F31BD4A71441

## Statement of Insurance

NOTICE. No person is required as a condition precedent to financing the purchase of an automobile that any insurance be negotiated or purchased through a particular insurance agent or broker.   15 USC 1605a(5)

You must insure the Vehicle and other property securing this Contract. See the "Property Insurance" section on Page 5 of this Contract. You are not required to provide any other insurance.

### Property Insurance

| | | | Term | Premium |
|---|---|---|---|---|
| $ | N/A | Ded. Comp., Fire & Theft | N/A Mos. $ | N/A |
| $ | N/A | Ded Collision | N/A Mos. $ | N/A |
| Bodily Injury | $ N/A | limits | N/A Mos. $ | N/A |
| Property Damage | $ N/A | limits | N/A Mos. $ | N/A |
| Medical | N/A | | N/A Mos. $ | N/A |
| | N/A | | N/A Mos. $ | N/A |
| Total Property Insurance Premiums | | | $ | N/A (11) |

UNLESS A CHARGE IS INCLUDED IN THIS AGREEMENT FOR PUBLIC LIABILITY OR PROPERTY DAMAGE INSURANCE, PAYMENT FOR SUCH COVERAGE IS NOT PROVIDED BY THIS AGREEMENT. 12 CFR 226.4

You may use the required Property Insurance from any company reasonably acceptable to us.

| | | |
|---|---|---|
| Buyer | N/A | 15 USC 1691(a)(3) |
| Co-Buyer | N/A | |
| Seller | N/A | 15 USC 1611 |

If you purchase any optional credit insurance, then policies or certificates from the insurer will describe the terms and conditions.   15 USC 1692j

### Application for Optional Credit Insurance

☐ Credit life:  ☐ Buyer  ☐ Co-Buyer  ☐ Joint
☐ Credit disability (Buyer) 15 USC 1692a(4)

| | Term | Exp. | Premium |
|---|---|---|---|
| Credit life: | N/A Mos. | N/A | $ N/A |
| Credit disability: | N/A Mos. | N/A | N/A |
| Total credit insurance premiums | | $ N/A | (2) |
| Name of insurance company | | N/A | |
| | | N/A | |
| Address (home office) | | N/A | |

Credit insurance is not required to obtain credit and is not a factor in our credit decision. We will not provide it unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We have quoted above ONLY the coverages you have chosen to purchase.

You are applying for the credit insurance marked above. Your signature below means that you agree that: 1. You are not eligible for insurance if you have reached your 65th birthday. 2. You are not eligible for disability insurance unless you are working at least 30 hours a week for wages or profit on the Effective Date. 3. Only the Buyer, not the Co-Buyer, is eligible for disability insurance. DISABILITY INSURANCE MAY NOT COVER CONDITIONS FOR WHICH YOU HAVE SEEN A DOCTOR OR CHIROPRACTOR IN THE LAST 6 MONTHS. REFER TO THE "TOTAL DISABILITIES NOT COVERED" SECTION IN YOUR POLICY FOR DETAILS.

Sign if you want to buy credit insurance.
15 USC 1692e(10)  15 USC 1692e(11)

| | | |
|---|---|---|
| N/A | N/A | N/A |
| Date | Buyer | Age |
| N/A | N/A | N/A |
| Date | Co-Buyer | Age |

THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.   15 USC 1605a(5)

WARNING: 15 USC 1605

YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING DEALER. HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT OF THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.

FOR ADVICE ON FULL COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
15 USC 1692d(1)   15 USC 1692d(2)
THE BUYER SHALL SIGN TO ACKNOWLEDGE THAT HE/SHE UNDERSTANDS THESE PUBLIC LIABILITY TERMS AND CONDITIONS.
S/S   *Dominique Keith*   S/S

## Additional Protections

You may buy or decline the following Gap Waiver (debt cancellation agreement) or any of the following service or other contracts. They are not required to obtain credit, are not a factor in the credit decision, and are not a factor in the terms of the credit or the related sale of the Vehicle. These voluntary protections will not be provided unless you sign and agree to pay the additional cost.

Your signature below means that you want the described item and that you have received and reviewed a copy of the contract(s) for the product(s). If no charge is given for an item, you have declined to purchase any such item. References to "1.I.1." to "1.I.5.", "1.K.", and "1.L." below are to the Itemization of Amount Financed on Page 2 of this Contract.

### Service Contracts

| Company | Term | Price |
|---|---|---|
| Service Contract, paid to SilverRock | 48 Months | 1,475 00 |
| N/A | N/A | N/A |
| N/A | N/A | N/A |
| N/A | N/A | N/A |
| N/A | N/A | N/A |

*Dominique Keith* 10/29/2021   N/A   N/A

Buyer: Dominique Lauren Keith   Date   Co-Buyer:   Date

☒ Gap Waiver

| Term | | 72 |
|---|---|---|
| Price | $ 795.00 | |

See Gap Waiver (now made a part of this Contract) for conditions and exclusions.

☐ Optional Used Vehicle Contract Cancellation
Option Agreement   Price:   N/A

*Dominique Keith* 10/29/2021   N/A   N/A

Buyer: Dominique Lauren Keith   Date   Co-Buyer:   Date

DocuSign

## Additional Terms of this Contract and Security Agreement

**Finance Charge and Payments.** You agree to pay the Amount Financed and Finance Charge as provided in the Payment Schedule in the TRUTH-IN-LENDING DISCLOSURE on Page 1 of this Contract. You also agree to pay the Late Charge described on Page 1, and all other amounts required under this Contract. Finance Charge will be computed each day. Finance Charge is computed at the Annual Percentage Rate shown on Page 1 of this Contract. We may apply each payment to the Finance Charge, the unpaid part of the Amount Financed, and other amounts due under this Contract in any order we choose.

*12 CFR 226.4    15 USC 1605*

**Security.** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle, and all proceeds. You also assign to us and give us a security interest in proceeds and refunds under any insurance policy, service contract or other contract purchased with this Contract as the law allows.

**General Terms.** You have been given the opportunity to purchase the Vehicle and described services for the Total Cash Price or the Total Sale Price. The Total Sale Price is the total price of the Vehicle and any services if you buy them over time. You chose to purchase the Vehicle and services over time. The Total Sale Price shown in the TRUTH-IN-LENDING DISCLOSURE assumes that all payments will be made as scheduled. The actual amount you will pay will be more if you pay late and less if you pay early.

We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee that is more than the maximum amount permitted for this sale by state or federal law. If you pay a finance charge or fee that is contrary to this provision, we will, instead, apply it first to reduce the Amount Financed balance, and when the Amount Financed has been paid in full, refund it to you. You understand and agree that we (or our affiliate) will earn commissions or fees on any insurance products, and may earn such fees on other goods and services that you buy through us or our affiliate.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract.

The law of California will govern this transaction. Applicable federal law and regulations also govern it.

The entire agreement between you and us is contained in this Contract. There are no unwritten agreements regarding this Contract. Any change to this Contract must be in writing and signed by you and us. *15 USC 1693 L*

**Name and Location.** Your name and address indicated on Page 1 are your exact legal name and your principal residence. You will provide us with at least 30 days' notice prior to changing your name or principal residence. You agree that the purchase of the Property on credit takes place at the Seller's licensed location identified at the top of page 1 of this Contract.

You agree that the Vehicle will not be used as a dwelling.

**Prepayment.** You may prepay this Contract in full or in part at any time without penalty. Any partial prepayment will not excuse any later scheduled payments. If we get a refund of any unearned insurance premiums that you paid, you agree that we may subtract the refund from the amount you owe, unless otherwise provided by law.

**Ownership and Duties Toward Vehicle.** By giving us a security interest in the Vehicle, you represent and agree to the following:

A. The security interest you are giving us in the Vehicle and other property comes ahead of the claim of any other of your general or secured creditors. You agree to sign any additional documents or provide us with any additional information we may require to keep our claim to the Vehicle and other property ahead of the claim of anyone else. You will not do anything to change our interest in the Vehicle and other property.

B. You will defend our interests in the Vehicle and other property against claims made by anyone else. You will do whatever is necessary to keep our claim to the Vehicle and other property ahead of the claim of anyone else.

C. You will keep the Vehicle in your possession in good condition and repair. You will use the Vehicle for its intended and lawful purposes. You agree not to remove the Vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the Vehicle or this Contract without our written permission. You agree to keep the Vehicle free from seizure, confiscation, or involuntary transfer. Unless otherwise agreed in writing, the Vehicle will be located primarily at your address listed on Page 1 of this Contract.

D. You will pay all taxes and assessments on the Vehicle as they become due.

E. You will notify us of any loss or damage to the Vehicle. You will provide us reasonable access to the Vehicle for the purpose of inspection. Our entry and inspection must be accomplished lawfully and without breaching the peace.

*15 USC 1692 (e)(7)    15 USC 1692e(2)(a)*

**Default.** You will be in default on the Contract if any one of the following occurs (except as prohibited by law):

A. You fail to perform any obligation that you have undertaken in this Contract. *15 USC 1692d(1)*

B. You become a debtor in any bankruptcy proceeding, or others take legal action to collect money or repossess the Vehicle from you.

C. You fail to pay all you owe under this Contract if the Vehicle becomes a total loss or is missing or stolen.

D. You give inaccurate, incomplete, or misleading information on your credit application or in this Contract (See the "Information You Provide to Us" section of this Contract).

If you default, you agree to pay our costs for collecting amounts owing, including, without limitation, court costs, attorneys' fees, and fees for repossession, repair, storage and sale of the Vehicle securing this Contract. *15 USC 1692 e(6)*

If an event of default occurs as to any one of you, we may exercise our remedies against any or all of you.

*15 USC 1692e(4)*

**Gap Liability Notice.** In the event of theft or damage to your Vehicle that results in a total loss, there may be a gap between the amount you owe under this Contract and the proceeds of your insurance settlement and deductible. THIS CONTRACT PROVIDES NO LIABILITY FOR THE GAP AMOUNT. Optional Gap Waiver may be offered for an additional charge.

**Remedies.** If you default on this Contract, we may exercise the remedies provided by law and this Contract subject to any right the law gives you to reinstate this Contract. Those remedies include: *15 USC 1692 e(10)*

A. We may require you to immediately pay us, subject to any refund or reinstatement rights, the remaining unpaid balance of the Amount Financed, finance charges and all other agreed charges.

B. We may pay taxes, assessments, or other liens or make repairs to the Vehicle if you have not done so. We are not required to do so. You will repay us that amount when we

Retail Installment Contract-CA **CA 102 10/10/2015**
Bankers Systems™ VMP® Not for use in transactions secured by a dwelling.

page 7

RSSIMVLFLZCA 10/10/2015

tell you to do so. That amount will earn finance charges from the date we pay it at the Annual Percentage Rate stated in the *Truth-In-Lending Disclosure* of this Contract, not to exceed the highest rate permitted by law.

C. We may require you to make the Vehicle available to us at a place we designate that is reasonably convenient to you and us. *15 USC 1692 d(1)    15 usc 1692 d(2)*

D. We may immediately take possession of the Vehicle by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises. We may then sell the Vehicle and apply what we receive as provided by law to our reasonable expenses and those toward your obligations. Our reasonable expenses can include, among other things, costs of repossession, storage, sale preparation, and sale.

E. If the Vehicle is repossessed, a total loss, confiscated or stolen, we may claim benefits under or cancel any insurance, maintenance, service, or other contract purchased under this Contract and use the resulting proceeds or refund of unearned charges to reduce what you owe under this Contract. *15usc 1692e(4)*

F. Except when prohibited by law, we may sue you for remaining amounts if the proceeds of a sale do not pay all of the amounts you owe us. You will pay interest on these remaining amounts until paid at the Annual Percentage Rate shown on Page 1 of this Contract, not to exceed the highest rate permitted by law. *15 usc 1692d(4)*

By choosing any one or more of these remedies, we do not waive our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again. You agree that, subject to your right to recover such property, we may take possession of personal property left in or on the Vehicle securing this Contract and taken into possession as provided above.

*15 usc 1692d(4)  15 usc 1692e(7)*

If the Vehicle has an electronic tracking device, you agree that we may use the device to find the Vehicle.

**Returned Check Charge.** You may be liable for collection costs incurred in connection with this Contract. This includes a fee, not to exceed $15, for each check, share draft or negotiable order of withdrawal offered as payment that is returned dishonored by a depository institution. *15 usc 1692d(1)*

**Property Insurance.** You agree to buy property insurance on the Vehicle protecting against loss and physical damage and otherwise acceptable to us. You will name us as loss payee on any such policy. In the event of loss or damage to the Vehicle, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Vehicle. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. You will keep the insurance in full force and effect until this Contract is paid in full. If you fail to obtain or maintain this insurance, or name us as a loss payee, we may obtain insurance to protect our interest in the Vehicle or, at our option, your and our interests in the Vehicle. This insurance may include coverages not required of you. This insurance may be written by a company other than one you would choose. It may be written at a rate higher than a rate you could obtain if you purchased the property insurance required by this Contract. We will add the premium for this insurance to the amount you owe us. Any amount we pay will be due immediately. This amount will earn finance charges from the date paid at the Annual Percentage Rate stated in the *Truth-In-Lending Disclosure* of this Contract or, at our option, the highest rate the law permits.

*15 usc 1605(a)(5)  15 usc 1692e(11)    15 usc 1692a(5)   15 usc 169(a)(3)*

Retail Installment Contract CA **CA 102 10/10/2015**
Bankers Systems ™ VMP® Not for use in transactions secured by a dwelling
Bankers Systems

page 8

Obligations Independent. Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following.

A. You must pay this Contract even if someone else has also signed it.

B. We may release any Co-Buyer or Guarantor and you will still be obligated to pay this Contract.

C. We may release any security and you will still be obligated to pay this Contract.

D. If we give up any of our rights, it will not affect your duty to pay this Contract.

E. If we extend new credit, it will not affect your duty to pay this Contract.

**Telephone Monitoring and Calling.** You agree that we may from time to time monitor and record telephone calls made or received by us or our agents regarding your account to assure the quality of our service. In order for us to service the account or to collect any amounts you may owe, and subject to applicable law, you agree that we may from time to time make calls and send text messages to you using prerecorded/artificial voice messages or through the use of an automatic dialing device at any telephone number you provide to us in connection with your account, including a mobile telephone number that could result in charges to you.

**Information You Provide to Us.** We have based our decision to enter into the Contract on the information you supplied in any credit applications and in this Contract, including the payoff amount on any trade-in. We relied on the information because you assured us it is accurate. You now repeat that assurance, and you warrant and represent as follows:

♦ All that information is accurate, complete and not misleading.

♦ You believe that information will remain correct and will not change. You have no reason to suspect otherwise.

♦ Unless you tell us in writing before you sign this Contract, Buyer and Co-Buyer will each use and own the Vehicle, even if that is not shown on the vehicle title.

You will provide us with documents and other information we request to verify that any items of that information are correct.

**Our Warranties: UNLESS WE AS SELLER, IN A SALE FOR PERSONAL USE, EITHER EXTEND A WRITTEN WARRANTY OR SERVICE CONTRACT WITHIN 90 DAYS OF THE DATE OF THIS CONTRACT, OR SELL THE VEHICLE WITH A WRITTEN WARRANTY, THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, CONCERNING THE VEHICLE, INCLUDING IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.**

This provision does not affect any warranties of the Vehicle provided by the vehicle manufacturer. If the Vehicle was sold as a certified used vehicle, the warranty of merchantability is not disclaimed.

### Claim Procedure

If you have purchased credit disability insurance in connection with this Contract, the following claim procedure applies.

DocuSign Envelope ID: B1106E2C-5B8A-40AF-B321-F31BD4A71441

*~15 USC 1692a(4)* (handwritten)

If you become disabled, tell us (your creditor) right away. (We advise you to send this information to the same address to which you are normally required to send your payments, unless a different address or telephone number is given to you in writing by us as the location where we would like to be notified.) We will tell you where to get claim forms. Send in the completed form to the insurance company as soon as possible and tell us as soon as you do.

If your disability insurance covers all of your missed payments, **WE CANNOT TRY TO COLLECT WHAT YOU OWE OR FORECLOSE UPON OR REPOSSESS ANY COLLATERAL UNTIL THREE CALENDAR MONTHS AFTER** your first missed payment is due or until the insurance company pays or rejects your claim, whichever comes first. We can, however, try to collect, foreclose, or repossess if you have money due and owing us or are otherwise in default when your disability claim is made or if a senior mortgage or lien holder is foreclosing.

If the insurance company pays the claim within the three calendar months, we must accept the money as though you paid on time. If the insurance company rejects the claim within the three calendar months or accepts the claim within the three calendar months as a partial disability and pays less than for a total disability, you will have 35 days from the date that the rejection or the acceptance of the partial disability claim is sent to pay past due payments, or the difference between past due payments and what the insurance company pays for the partial disability, plus late charges. You can contact us, and we will tell you how much you owe. After that time, we can take action to collect or foreclose or repossess any collateral you may have given.

If the insurance company accepts your claim but requires that you send in additional forms to remain eligible for continued payments, you should send in these completed additional forms no later than required. If you do not send in these forms on time, the insurance company may stop paying, and we will then be able to take action to collect or foreclose or repossess any collateral you may have given.

### Owner Agreement

(This section applies ONLY to a person who will have an ownership interest in the Property but is NOT a Buyer obligated to pay this Contract ("Third Party Owner").)

In this section only, "*you*" means only the person signing this section.

By signing below you agree to give us a security interest in the Property described in the *Description of Property* section. You also agree to the terms of this Contract except that you will not be liable for the payments it requires. Your Interest in the Property may be used to satisfy the Buyer's obligation. You agree that we may renew, extend or change this Contract, or release any party or Property without releasing you from this Contract. We may take these steps without notice or demand upon you. **You acknowledge receipt of a completed copy of this Contract.**

| N/A | N/A |
|---|---|
| By: | Date |
| Signature of Third Party Owner (NOT the Buyer) | |

---

Note: If the primary use of the Vehicle is not personal, family or household use, then this is not a consumer contract, and the following notice does not apply. *Proves this is not a "LOAN"* (handwritten)

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

*15 USC 1692b   ,15 USC 1692a(4)* (handwritten)

### Used Car Buyer's Guide

**Used Car Buyer's Guide.** The information you see on the window form for this Vehicle is part of this Contract. Information on the window form **overrides** any contrary provisions in the contract of sale.

### Guía para compradors de vehículos usados

**Guía para compradors de vehículos usados.** La información que aparece en la ventanilla de este vehículo forma parte de este contrato. La información contenida en el formulario de la ventanilla anula cualquier estipulación que establezca lo contrario y que aparezca en el contrato de venta.

### Right of Seller to Cancel

If you sign the Right of Seller to Cancel in the "Signatures" section of this Contract, you agree to the following.

♦ You acknowledge that it may take a few days for the Seller to verify your credit and assign the Contract to a financial institution.

♦ If the Seller is unable to sell or assign the Contract to a financial institution it regularly does business with to accept an assignment of the Contract on terms that are satisfactory to the Seller, the Seller may elect to cancel (rescind) the Contract by giving you a notice of cancellation within 10 days after the date you signed this Contract. *15 USC 1611* (handwritten)

♦ Upon receipt of a notice of the cancellation within 10 days after you signed this Contract, you agree to immediately return the Vehicle to the Seller free of all liens apart from this Contract in the same condition as it was in when you received it, except for reasonable wear and tear.

♦ After you return the Vehicle, the Seller agrees to return to you any trade-in vehicle and all amounts you paid to the Seller under this Contract.

♦ You agree that, if you do not immediately return the Vehicle to the Seller, the Seller will be entitled to recover all amounts you owe the Seller under this Contract to the extent permitted by law.

♦ You also agree that, if you do not immediately return the Vehicle to the Seller, the Seller will be entitled to repossess the Vehicle, and you will pay the Seller all its expenses (including attorneys' fees) incurred in repossessing the Vehicle, to the extent permitted by law.

♦ You agree that, until the Seller receives the Vehicle back from you, you will continue to have all the Buyer's obligations under this Contract, including, but not limited to, the provisions regarding insurance and use of the Vehicle; you will have all the risk of loss or damage to the Vehicle; and you will be responsible for any injuries or property damage caused by use of the Vehicle.

♦ You agree that if the Vehicle is damaged before it is returned to the Seller you will pay the Seller the cost of repairing it.

♦ You agree that the provisions of this "Right of Seller to Cancel" will continue to be effective even after this contract is cancelled   *15 USC 1635(a)* (handwritten)   page 9

DocuSign Envelope ID: B1105E2C-5B8A-40AF-B321-F31BD4A71441

## Additional Important Notices

**Notice of Complaints.** If you have a complaint concerning this sale, you should try to resolve it with the seller.

Complaints concerning unfair or deceptive practices or methods by the seller may be referred to the city attorney, the district attorney, or an investigator for the Department of Motor Vehicles, or any combination thereof.

After this contract is signed, the seller may not change the financing or payment terms unless you agree in writing to the change. You do not have to agree to any change, and it is an unfair or deceptive practice for the seller to make a unilateral change.

*Dominique Keith*                          N/A

Buyer Dominique Lauren Keith          Co-Buyer

15 usc 1692J          15 usc 1693L

15 usc 1611

15 usc 1635(a)

15 usc 1692d(i)

15 usc 1692 e(10)

15 usc 1692 e(11)

15 usc 1691 (a)(3)

*[This space intentionally left blank.]*

**Waiver of Confidentiality.** California Vehicle Code Section 1808.21 provides, among other things, that your resident address of the California Department of Motor Vehicles is confidential.

You waive this provision and authorize the California Department of Motor Vehicles to furnish your residence address to us.

N/A                          N/A

Buyer                          Co-Buyer



*[This space intentionally left blank.]*

DocuSign Envelope ID: B1106E2C-5B8A-4GAF-8321-F31BDMA71441

☒ Electronic Signature Acknowledgment. You agree that (i) you viewed and read this entire Contract before signing it, (ii) you signed this Contract with one or more electronic signatures, (iii) you intend to enter into this Contract and your electronic signature has the same effect as your written ink signature, (iv) you received a paper copy of this Contract after it was signed, and (vi) the authoritative copy of this Contract shall reside in a document management system held by Seller in the ordinary course of business. You understand that Seller may transfer this Contract to another company in the electronic form or as a paper version of that electronic form which would then become the authoritative copy. Seller or that other company may enforce this Contract in the electronic form or as a paper version of that electronic form. You may enforce the paper version of the Contract copy that you received.

### Notice To Buyer.

(1) Do not sign this agreement before you read it or if it contains any blank spaces to be filled in. (2) You are entitled to a completely filled-in copy of this agreement. (3) You can prepay the full amount due under this agreement at any time. (4) If you default in the performance of your obligations under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement.

☐ If this box is checked, you will owe no Finance Charge if you pay the Amount Financed on or before _____ N/A _____ (date)

Seller's initials _____ N/A _____ .

### Signatures

Changes to this Contract must be in writing and signed by both you and our authorized representative. Oral changes are not binding.

*Dominique Keith*                         N/A

Buyer signs                        Co-Buyer signs

_____

The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this Contract and retain its right to receive a part of the Finance Charge.

Right of Seller to Cancel. By signing below, you agree that the *Right of Seller to Cancel* section of this Contract will apply. This provision gives us the right to cancel this Contract if we are unable to assign the Contract.

| N/A | N/A |
|-----|-----|
| Buyer | Co-Buyer |

15 USC 1693L    15 USC 1611
15 USC 1692J    15 USC 1635(a)
15 USC 1692d(1)  15 USC 1692e(10)
                 15 USC 1692e(11)
                 15 USC 1691(a)(3)

You agree to the terms of this Contract. By signing below, you become legally obligated to perform the terms of this Contract and acknowledge that (1) before you signed it, we gave you the completely filled-in Contract and you had a chance to take it and thoroughly read and review it, and (2) you received a completely filled-in copy of the Contract.

### THERE IS NO COOLING OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION.

California law does not provide for a "cooling off" or other cancellation period for vehicle sales. Therefore, you cannot later cancel this contract simply because you change your mind, decide the vehicle costs too much, or you wish you had acquired a different vehicle. After you sign below, you may only cancel this contract with the agreement of the seller or for legal cause, such as fraud. 15 USC 1635(a)

However, California law does require a seller to offer a two-day contract cancellation option on used vehicles with a purchase price of less than forty thousand dollars ($40,000), subject to certain statutory conditions. This contract cancellation option requirement does not apply to the sale of a recreational vehicle, a motorcycle or an off-highway motor vehicle subject to identification under California law. See the vehicle contract cancellation option agreement for details.

| Buyer | | Co-Buyer | |
|-------|---|----------|---|
| *Dominique Keith* 10/29/2021 | | N/A | N/A |
| Dominique Lauren Keith | Date | | Date |

Seller

*[signature]*                                    10/29/2021

By: _____ CARVANA, LLC _____ Date

Assignment. This Contract and Security Agreement is assigned to N/A

the Assignee, phone _____ N/A _____. This assignment is made under the terms of a separate agreement made between the Seller and Assignee. ☐ This Assignment is made with recourse

Seller

| N/A | | N/A |
|-----|---|-----|
| By | | Date |

locuSign Envelope ID: B1106E2C-568A-40AE-B321-F31B04A71441

15 usc 1692J     15 usc 1611

15 usc 1605a(5)   15 usc 1691(a)(3)   15 usc 1635(a)   15 usc 1640z

# BUYERS GUIDE

IMPORTANT: Spoken promises are difficult to enforce. Ask the dealer to put all promises in writing. Keep this form.

| Buick | Encore | 2018 | KL4CJASBXJB714801 |
|-------|--------|------|-------------------|
| VEHICLE MAKE | MODEL | YEAR | VEHICLE IDENTIFICATION NUMBER (VIN) |

## WARRANTIES FOR THIS VEHICLE:

[ ] **AS IS - NO DEALER WARRANTY**
THE DEALER DOES NOT PROVIDE A WARRANTY FOR ANY REPAIRS AFTER SALE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

[X] **DEALER WARRANTY**

[ ] FULL WARRANTY

[X] LIMITED WARRANTY. The dealer will pay _100_% of the labor and _100_% of the parts for the covered systems that fail during the warranty period. *Ask the dealer for a copy of the warranty, and for any documents that explain warranty coverage, exclusions, and the dealer's repair obligations. *Implied warranties* under your state's laws may give you additional rights.

| SYSTEMS COVERED: | DURATION: |
|------------------|-----------|
| Gasoline Engine | 100 days or 4,189 miles whichever comes first |
| Transaxle | 100 days or 4,189 miles whichever comes first |
| Driveaxle | 100 days or 4,189 miles whichever comes first |
| Air Conditioning | 100 days or 4,189 miles whichever comes first |

* A $50 deductible will apply for each out-of-network repair visit.
In-network repair visits do not require a deductible.

## NON-DEALER WARRANTIES FOR THIS VEHICLE:

[X] MANUFACTURER'S WARRANTY STILL APPLIES. The manufacturer's original warranty has not expired on some components of the vehicle.

[ ] MANUFACTURER'S USED VEHICLE WARRANTY APPLIES.

[ ] OTHER USED VEHICLE WARRANTY APPLIES.

Ask the dealer for a copy of the warranty document and an explanation of warranty coverage, exclusions, and repair obligations.

[X] SERVICE CONTRACT. A service contract on this vehicle is available for an extra charge. Ask for details about coverage, deductible, price, and exclusions. If you buy a service contract within 90 days of your purchase of this vehicle, *implied warranties* under your state's laws may give you additional rights.

ASK THE DEALER IF YOUR MECHANIC CAN INSPECT THE VEHICLE ON OR OFF THE LOT.

**OBTAIN A VEHICLE HISTORY REPORT AND CHECK FOR OPEN SAFETY RECALLS.** For information on how to obtain a vehicle history report, visit ftc.gov/usedcars. To check for open safety recalls, visit safercar.gov. You will need the vehicle identification number (VIN) shown above to make the best use of the resources on these sites.

**SEE OTHER SIDE** for important additional information, including a list of major defects that may occur in used motor vehicles.

**Si el concesionario gestiona la venta en español, pídale una copia de la Guía del Comprador en español.**

DocuSign Envelope ID: B1106E2C-5B8A-4GAF-B321-F31B04A71441

The Authoritative Copy of this record is held at NA1.docusign

Here is a list of some major defects that may occur in used vehicles

**Frame & Body**
Frame-cracks, corrective welds, or rusted through
Dog tracks—bent or twisted frame

**Engine**
Oil leakage, excluding normal seepage
Cracked block or head
Belts missing or inoperable
Knocks or misses related to camshaft lifters and push rods
Abnormal exhaust discharge

**Transmission & Drive Shaft**
Improper fluid level or leakage, excluding normal seepage
Cracked or damaged case which is visible
Abnormal noise or vibration caused by faulty transmission or drive shaft
Improper shifting or functioning in any gear
Manual clutch slips or chatters

**Differential**
Improper fluid level or leakage, excluding normal seepage
Cracked or damaged housing which is visible
Abnormal noise or vibration caused by faulty differential

**Cooling System**
Leakage, including radiator
Improperly functioning water pump

**Electrical System**
Battery leakage
Improperly functioning alternator, generator, battery, or starter

**Fuel System**
Visible leakage

**Inoperable Accessories**
Gauges or warning devices
Air conditioner
Heater & Defroster

**Brake System**
Failure warning light broken
Pedal not firm under pressure (DOT spec.)
Not enough pedal reserve (DOT spec.)
Does not stop vehicle in straight line (DOT spec.)
Hoses damaged
Drum or rotor too thin (Mfgr. Specs)
Lining or pad thickness less than 1/32 inch
Power unit not operating or leaking
Structural or mechanical parts damaged

**Air Bags**

**Steering System**
Too much free play at steering wheel (DOT specs.)
Free play in linkage more than 1/4 inch
Steering gear binds or jams
Front wheels aligned improperly (DOT specs.)
Power unit belts cracked or slipping
Power unit fluid level improper

**Suspension System**
Ball joint seals damaged
Structural parts bent or damaged
Stabilizer bar disconnected
Spring broken
Shock absorber mounting loose
Rubber bushings damaged or missing
Radius rod damaged or missing
Shock absorber leaking or functioning improperly

**Tires**
Tread depth less than 2/32 inch
Sizes mismatched
Visible damage

**Wheels**
Visible cracks, damage or repairs
Mounting bolts loose or missing

**Exhaust System**
Leakage

**Catalytic Converter**

15 USC 1635(a)     15 USC 1691a(3)
15 USC 1611        15 USC 1692 e(10)
15 USC 1640        15 USC 1692 e(11)     15 USC 1605a(5)

---

**DEALER NAME**
CARVANA, LLC

**ADDRESS**
63 PIERCE RD                    WINDER, GA 30680-7280

**TELEPHONE**                   **EMAIL**
1-800-333-4554                  DL-CarvanaPhoenixAdvocate@carvana.com

FOR COMPLAINTS AFTER SALE CONTACT
Carvana Customer Advocates at 1 800 333 4554 or
1930 W Rio Salado Pkwy, Tempe, AZ 85281

---

**IMPORTANT:** The information on this form is part of any contract to buy this vehicle. Removing this label before consumer purchase (except for purpose of test-driving) violates federal law (16 C.F.R. 455).



15 usc 1692e (lo)
15 usc 1692e (11)
15 usc 1635 (a)
15 usc 1611
15 usc 1692 (a)(1)(3)

## California Proposition 65 Warning

⚠ WARNING: Operating, servicing and maintaining a passenger vehicle or off-road vehicle can expose you to chemicals including engine exhaust, carbon monoxide, phthalates, and lead, which are known to the State of California to cause cancer and birth defects or other reproductive harm. To minimize exposure, avoid breathing exhaust, do not idle the engine except as necessary, service your vehicle in a well-ventilated area and wear gloves or wash your hands frequently when servicing your vehicle. For more information go to www.P65Warnings.ca.gov/passenger-vehicle.

### Why am I seeing this warning?

California's Proposition 65, administered by the Office of Environmental Health Hazard Assessment (OEHHA), requires that businesses notify Californians if it is aware that its product(s) expose consumers to one or more listed chemicals. The warning above is specific to passenger or off-road vehicles.

DocuSign Envelope...

15 usc 1692 e (10)   15 usc 1611
CARVANA                    **CarvanaCare**
15 usc 1692e(11)   15 usc 1692e(2)(a)

The Authoritative...

| APPLICATION/CONTRACT NUMBER |
|---|
| CVSC 16730925 |

This document is the Application and, if accepted by the Administrator, the Vehicle Service Contract. If this Application cannot be accepted by the administrator as written You will be notified of any changes to the coverage applied for within approximately 60 days. If You choose not to accept these changes to Your application for coverage or Your Vehicle does not qualify for any type of coverage Your Contract Price will be refunded.

## CONTRACT HOLDER (CUSTOMER, YOU, YOUR)

| CUSTOMER'S NAME | CO-CUSTOMER'S NAME | | |
|---|---|---|---|
| Dominique Lauren Keith | N/A | | |
| ADDRESS | CITY | STATE | ZIP |
| 229 W Queen St Apt 14 | Inglewood | CA | 90301-1794 |
| PHONE NUMBER | EMAIL ADDRESS | | |
| 3103418690 | Dominiquekeith93@gmail.com | | |

### COVERED VEHICLE (YOUR VEHICLE)

| YEAR | MAKE | MODEL | | |
|---|---|---|---|---|
| 2018 | Buick | Encore | | |
| VIN | CURRENT ODOMETER | VEHICLE PURCHASE DATE | VEHICLE PURCHASE PRICE | |
| KL4CJASBXJB714801 | 14769 | 10/29/2021 | $ 22,590.00 | |

### SELLING DEALERSHIP

| NAME | PHONE NUMBER | ACCOUNT NUMBER | |
|---|---|---|---|
| CARVANA, LLC | 1-800-333-4554 | 2001246278 | |
| ADDRESS | CITY | STATE | ZIP |
| 63 PIERCE RD | WINDER | GA | 30680-7280 |

## CONTRACT INFORMATION

| CONTRACT TERM | | EXPIRATION ODOMETER | EXPIRATION DATE |
|---|---|---|---|
| Months: 48 | Mileage: 75000 | 75,000 | 10/29/25 |
| CONTRACT PURCHASE PRICE | | DEDUCTIBLE | |
| $1,475.00 | | In-Network $0 / Out-of-Network $50 | |

## LIENHOLDER

You authorize the lienholder, its successors, and assigns to: (1) be listed as joint payee and receive any refund in the event this Contract is cancelled, (2) cancel this Contract in the event You default in Your obligation to such lienholder and (3) be listed as sole payee on all repossessions.

| NAME | | | |
|---|---|---|---|
| CARVANA-LLC | | | |
| ADDRESS | CITY | STATE | ZIP |
| 1930 W Rio Salado Parkway | Tempe | AZ | 85281 |

The Term of this agreement begins on the date of the purchase of this Contract and at the Current Odometer mileage stated above. This coverage ends with either of the following, whichever occurs first: (1) When the mileage of Your Vehicle, as measured from zero (0) miles reaches the mileage limit for the plan selected, or (2) when the time limit for the term selected expires as measured from the Vehicle Purchase Date, or (3) when the aggregate total of benefits paid or payable under this contract exceeds the limit of our liability of this contract. The term of this Contract is inclusive of the manufacturer's warranty period.

I have read and understand this document. I understand that the above information is subject to verification and that the Application for coverage may be rejected or the terms of coverage may be modified if any of the above information is incorrect or if the Vehicle is ineligible for the term, coverage, or deductible applied for. **The purchase of this Vehicle Service Contract is not required to either purchase or obtain financing for the Vehicle.**

_Dominique Keith_

_Customer Signature_ _____

_Co-Customer Signature_ _____

10/29/2021

_Contract Purchase Date_

_Signature of Selling Dealership Representative_



SilverRock.

You may contact the Administrator during normal business hours at the

DocuSign Envelope ID: B1106E2C-5B8A-40AF-B321-F31BD4A7144I

**CARVANA**

15 usc 1635(a)

## CarvanaCare

15 usc 1692 b(5)   15 usc 1692f(B)

### DEFINITIONS

- "We", "Us", "Our" and "Administrator" means "SilverRock Automotive, Inc." This Contract is between Us and the Customer named  herein.
- "Covered Part" means an item defined as a Covered Part in the Covered Parts section below.
- "Breakdown" or "Mechanical Breakdown" means that event caused by the total failure of any Covered Part to work as it was designed to work in normal service, including a total failure resulting from wear and tear or ordinary use. Please refer to the wording under exclusions for a listing of conditions under which the failure of a Covered Part is not considered a Mechanical Breakdown.
- "In-Network Deductible" means the amount paid by You to an In-Network Repair Facility per repair visit. The In-Network Deductible is $0.00.
- "In-Network Repair Facility" means a repair facility in Provider's repair facility network. To find out if Your repair facility is an In-Network Repair Facility, please contact the Administrator at (866) 628-3905. The determination of In-Network status is made in the sole discretion of the Administrator.
- "Out-of-Network Deductible" means the amount paid by You to an Out-of-Network Repair Facility per repair visit. The Out-of-Network Deductible is $50.00.
- "Out-of-Network Repair Facility" means a repair facility that is not in Provider's repair facility network. To find out if Your repair facility is an Out-of-Network Repair Facility, please contact the Administrator at (866) 866-3905. The determination of the Out-of-Network status is made in the sole discretion of the Administrator.

### YOUR OBLIGATIONS

- In order for this Contract to remain in force all maintenance and servicing, including oil and oil filter changes, must be followed as recommended by Your Vehicle's manufacturer. You are responsible for maintaining correct levels and types of fuels, lubricants and coolants. You must keep and make available verifiable signed service/purchase receipts which show that this maintenance has been performed within the time and mileage limits required. In addition, if You perform Your own maintenance, itemized receipts will be required.
- You or Your licensed repair facility are required to obtain an Administrator's authorization number prior to beginning any repair covered by this Contract.
- You are responsible for paying the deductible indicated in the Application for each repair visit caused by a covered Mechanical Breakdown(s).
- You are responsible for authorizing and paying for any teardown or diagnosis time needed to determine if Your Vehicle has a covered Breakdown. In the event the vehicle requires teardown for diagnosis, the repair facility will need to contact the Administrator prior to beginning teardown. If it is subsequently determined that the repair is needed due to a covered Breakdown, then We will pay for this part of the repair. If the failure is not a covered Mechanical Breakdown, then You are responsible for this charge.

### OUR OBLIGATIONS

If a covered Mechanical Breakdown of Your Vehicle occurs during the term of this Contract, We will

- Pay You or the repairer, for repair or replacement, as the Administrator deems appropriate, of the Covered Part(s) which caused the Mechanical Breakdown if You have met Your obligations as described in this Contract and if the Breakdown is not excluded under the EXCLUSIONS section of this Contract. Replacement parts can be of like kind and quality. This may include the use of new, remanufactured or used parts as determined by the Administrator.
- Reimburse You for a rental car at the rate of up to $10 for every 8 hours (or additional portion thereof) of labor time required to complete the repair Required labor time is determined from the national repair manual in use by the repair facility. To receive rental benefits, You must supply Us with Your receipt from a licensed rental agency within 90 days. The limit on this reimbursement is up to $30 per day up to a maximum of $300 per Mechanical Breakdown or series of Breakdowns related in time or cause. The Administrator is not responsible for rental costs incurred due to delays in the repair process caused by the repair facility.
- Reimburse You for additional receipted motel and restaurant expenses up to $75 per day for a maximum of 3 days due to the occurrence of a covered Breakdown more than 100 miles from Your home which results in a repair facility keeping Your Vehicle overnight. You must supply Us with Your receipts within 90 days.

### FOR EMERGENCY ROADSIDE ASSISTANCE – CALL TOLL FREE (888) 300-8607

- Towing. Limit of $75 per incident or failure related in time or cause.
- Gasoline and fluids. An emergency supply will be provided when an immediate need arises. Limit of $75 per occurrence. You are responsible for cost of fluids delivered.
- Flat tire assistance. Removal and replacement with Your provided spare. Limit of $75 per occurrence.
- Lock-out assistance. Service will provide for a locksmith to gain entry to Your Vehicle if the keys are locked inside. Limit of $75 per occurrence.
- Battery jump start. A jump start will be provided when an immediate need arises due to a drained battery. Limit of $75 per occurrence.

### WHAT TO DO IF YOU HAVE A MECHANICAL BREAKDOWN

In the event of a Mechanical Breakdown, follow this step by step procedure:

(1) Use all reasonable means to protect Your Vehicle from further damage. This may require You to stop Your Vehicle, turn off the engine, and have Your Vehicle towed.
(2) Instruct Your repair facility to contact the Administrator Toll Free at (866) 628-3905 for instructions before any repairs are started on Your Vehicle. All repair work must be performed by a licensed repair facility.
(3) Furnish the repair facility or Administrator with such information as this Contract may reasonably require. This includes receipts for car rental charges, receipts for towing or emergency road service, and signed repair orders (indicating dates and mileage) as required by this Contract.

You may contact the Administrator during normal business hours at the
following number or address: SilverRock Automotive, Inc.

 SilverRock

DocuSign Envelope ID: B1106E2C-5B6A-40AF-B321-F31BD4A71441

 CARVANA

CarvanaCare

APPLICATION/CONTRACT NUMBER

CVSC   16730925

(4) If Your Vehicle requires an emergency repair outside of the Administrator's normal business hours, You must follow all Contract guidelines and retain any replaced parts for the Administrator's inspection. You must contact the Administrator the next business day for instructions on submitting the claim. For an emergency repair to a Covered Part Your claim will not be denied solely for lack of prior authorization.

(5) Absent prior written approval by the Administrator, all claim documentation must be received by the Administrator within ninety (90) days of the claim authorization date.

## SYSTEM - COVERED PARTS

REPAIRS ON ALL ASSEMBLIES AND PARTS ARE COVERED ON YOUR VEHICLE WITH THE EXCEPTION OF THE FOLLOWING LISTED ITEMS.

- PAINT/CARPETING   15 USC 1692 e(10)
- TRIM
- MOLDING/BUMPERS   15 USC 1692 e (11)
- BRIGHT METAL
- UPHOLSTERY   15 USC 1611
- BRAKE ROTORS & DRUMS   15 USC 1635(a)
- BATTERIES
- FRAME OR STRUCTURAL   15 USC 1691 (a)(3)
  SEPARATION
- LENSES   15 USC 1692 d(1)
- LIGHT BULBS/HEADLIGHTS   15 USC 1692 f(8)
- STRUTS/SHOCK ABSORBERS
- BODY PANELS   15 USC 1692 b(5)
- CANVAS, VINYL, OR FABRIC TOP   15 USC 1692 j

- GLASS
- FIBERGLASS TOP
- TIRES, WHEELS, AND WHEEL COVERS
- PHYSICAL DAMAGE
- NORMAL FLUID/OIL/LUBRICANT SEEPAGE
- ANY REPOSITIONING, REFITTING, OR REALIGNING
- EXHAUST SYSTEM
- CATALYTIC CONVERTERS
- CLUTCH FRICTION DISCS
- ALL MAINTENANCE SERVICES AND ITEMS SUCH AS: ALIGNMENTS, WHEEL BALANCES, ENGINE TUNEUPS, SPARK/GLOW PLUGS, BRAKE PADS, LININGS & SHOES, FILTERS, LUBRICANTS, COOLANTS, AND BELTS

## EXCLUSIONS - WHAT THIS VEHICLE SERVICE CONTRACT DOES NOT COVER

This Contract provides no benefits or coverage and We have no obligation under this Contract for:

- A Breakdown caused by lack of customary, proper, or manufacturer's specified maintenance.
- A Breakdown caused by improper types or quantities of or contamination or lack of proper fuels, fluids, coolants, refrigerants or lubricants, including a Breakdown caused by a failure to replace seals or gaskets in a timely manner.
- A Breakdown caused by towing a trailer, another Vehicle or any other object unless Your Vehicle is equipped for this use as recommended by the manufacturer.
- Repair of any parts during a covered repair which are not necessary to the completion of the covered repair. Such replacement is considered betterment and is not covered by this Contract.
- A Breakdown which occurred prior to Your purchase of Your Vehicle that would have been obvious and apparent if that component was inspected at time of purchase.
- A Breakdown caused by or involving modifications or additions to Your Vehicle made by You or with Your knowledge, whether on or after the Purchase Date, unless those modifications or additions were performed or recommended by the manufacturer.
- A Breakdown caused by or involving off-roading, misuse, abuse, lift kits, lowering kits, oversize or undersize tires, racing components, racing or any form of competition.
- Any repair which would normally be provided by the Vehicle manufacturer, a repair shop or part supplier under warranty.
- Costs or other damages caused by the failure of or to a part not listed as a Covered Part.
- Damage to the Vehicle caused by continued Vehicle operation after the failure of a Covered Part.
- Any liability, cost or damages You incur or may incur to any third parties other than for Administrator approved repair or replacement of Covered Parts which caused a Mechanical Breakdown.
- A Breakdown caused by overheating, rust, corrosion, restricted oil or coolant passages, restricted filters or physical damage.
- A Breakdown caused by collision, fire, electrical fire or meltdown, theft, freezing, vandalism, riot, explosion, lightning, earthquake, windstorm, hail, water, flood or acts of the public enemy or any government authority, or for any hazard insurable under standard physical damage insurance policies whether or not such insurance is in force respecting Your Vehicle.
- A Breakdown not occurring in the United States or Canada.
- Loss of use, loss of time, lost profits or savings, inconvenience, commercial loss, or other incidental or consequential damages or loss that results from a Breakdown.
- Liability for damage to property, or for injury to or death of any person arising out of the operation, maintenance or use of Your Vehicle whether or not related to a Breakdown.
- Any cost or other benefit for which the manufacturer has announced its responsibility through any means including public recalls or factory service bulletins.
- Any part not covered by, or excluded by the original Vehicle manufacturer's warranty.
- Repair or replacement of any Covered Part if a Breakdown has not occurred or if the wear on that Covered Part has not exceeded the field tolerances allowed by the manufacturer.

 SilverRock

You may contact the Administrator during normal business hours at the following number or address: SilverRock Automotive, Inc

DocuSign Envelope ID: B1100E2C-588A-40A0-B321-F3FBDAF1441

 **CARVANA**

**CarvanaCare**

15 USC 1692 e(10)  16 USC 1692 5
15 USC 1692 e(11)  15 USC 1611

APPLICATION/CONTRACT NUMBER

CVSC 16730925

15 USC 1635(a)
15 USC 1691(a)(3)

**CANCELLATION REFUNDS**

If You request a cancellation

- Within the first thirty (30) days after the Contract Purchase Date and have filed no claims, then You shall receive a refund or credit to Your account of the full Contract Purchase Price.

- After the first thirty (30) days from the Contract Purchase Date or have filed a claim, then You shall receive a Pro-Rata Refund, calculated as the lesser of: (a) the ratio of the term remaining to the original term covered, or (b) the ratio of the miles remaining to the original miles covered. The Contract Term for cancellation purposes will be based on the date You purchased the Contract and the date the Contract would expire, and the mileage on the date You purchased the Contract and the mileage at which the Contract would expire. If You cancel the Contract, the cancellation fee is the lesser of (i) $50.00 or (ii) 10% of the prorated refund.

- Requesting a refund. You, or Your Lienholder, may cancel this Agreement by submitting a written request of cancellation to Administrator. The completed written request must be signed by You and returned to Administrator with a copy of this Contract. The cancellation documents may be mailed to P.O. Box 29087, Phoenix, AZ 85038-9087 or e-mailed to cancellations@silverrockinc.com. All requests must be received by Administrator within 30 days of requested cancellation effective date. Notification to cancel shall start only upon Administrator's receipt of Your complete cancellation documentation. Administrator is the party responsible for honoring cancellation requests. If You cancel this Contract and do not receive a refund, please notify BlueShore Insurance.
  Note: This provision is not available on Contracts which have been transferred.

Any cancellation by Us will comply with O.C.G.A. 33-24-44.

### OUR RIGHT TO CANCEL THIS CONTRACT

We reserve the right to cancel this Contract and will not pay for a Mechanical Breakdown under the following circumstances:

- *Fraud.* You commit any acts of fraud as regards this Contract, in any way.

- *Failure to Pay Consideration.* Your failure to pay all of the consideration and amounts due under this Contract, for any reason.

- *Material Misrepresentations.* Your material misrepresentations as regards this Contract, of any type, including, but not limited to, whether Your Vehicle is used for business, deliveries, construction, or commercial hauling; Your Vehicle is used as a postal Vehicle, taxi, police, or other emergency Vehicle; You rent or lease Your Vehicle to someone else; Your Vehicle is equipped to or used to plow snow; You are using or have used or modified Your Vehicle in a manner which is not recommended by the Vehicle manufacturer; or whether the odometer, for any reason does not record the actual mileage of Your Vehicle after Purchase Date.

- In the event the Contract is cancelled by Us, then We will provide a Pro-Rata Refund, but We will not retain a cancellation fee.

### HOW THIS CONTRACT MAY BE TRANSFERRED

This provision is only available if You are the first Contract Holder. This option is not available to You if the Vehicle is traded or sold to or through any entity other than a private party. Your rights and duties under this Contract may be transferred if You sell Your Vehicle directly to another private party, but only if You do the following:

- Send Administrator the completed transfer Application within thirty days of the sale or transfer of Your Vehicle.
- Submit proof that the manufacturer's warranty has been transferred to the new owner.
- Pay Administrator a $50.00 transfer fee. In the event Your Vehicle is a total loss or repossessed, Your rights and obligations under this Contract immediately transfer to the Lienholder, if any. You must provide new owner with copies of all receipts as listed under "YOUR OBLIGATIONS".

### TRANSFER APPLICATION

| | | | |
|---|---|---|---|
| Name of New Owner | Date of Transfer | Odometer Reading on Date of Transfer | |
| Address | City | State | Zip |
| Signature of Vehicle Purchaser | | Date | |
| Signature of Vehicle Purchaser | | Date | |

### OTHER IMPORTANT CONTRACT PROVISIONS

In return for Your payment for this Contract and subject to its terms, You will be provided with the protection described herein. The contractor's obligation to perform under this agreement is insured by BlueShore Insurance Company, 1720 W. Rio Salado Pkwy, Tempe, Arizona 85281 (877) 864-2873. In the event that a covered service is not provided by the contractor within 60 days of proof of loss, the Contract Holder may file a claim directly with BlueShore Insurance Company.

The Dealer agrees that all sums paid by You under the terms of this Contract, excluding a commission earned by the Dealer shall be submitted on Your behalf to the Administrator and others for the purpose of assuring the payment of Your claims under this Contract. If this Contract is cancelled Dealer is responsible for refunding any unearned part of the commission.

 **SilverRock**

You may contact the Administrator during normal business hours at the



**CarvanaCare**

| APPLICATION/CONTRACT NUMBER |
| --- |
| CVSC   16730925 |

The aggregate total of Our liability for all benefits paid or payable during the term of this Contract shall not exceed the actual cash value of Your Vehicle at time of Contract purchase. Our limit of liability for any Breakdown or series of Breakdowns related in time or cause shall not exceed the actual cash value of Your Vehicle according to current National Auto Dealers Association (N.A.D.A.) standards at the time of Breakdown. If the N.A.D.A. standards for Your Vehicle are not available or widely recognized in Your geographic area, the Administrator may use another market retail valuation method.

After You receive any benefits under this Contract, We are entitled to all Your rights of recovery against any manufacturer, repairer or other party who may be responsible to You for the costs covered by this Contract or for any other payment made by Us. If We ask, You agree to help Us enforce these rights. You also agree to cooperate and help Us in any other matter concerning this Contract.

This Contract contains the complete agreement between You and Us and is not valid unless signed by the Customer.

This Contract will terminate when You sell Your Vehicle unless transferred as provided in the Transfer Section or when this Contract is cancelled as outlined in the Cancellation Section or when Your Vehicle reaches the time or mileage limitation.

Coverage afforded under this Contract is not guaranteed by Your state's property and casualty guaranty association.

THIS IS NOT A CONTRACT OF INSURANCE

YOU AND WE AGREE THAT ANY DISPUTE, SHALL TAKE PLACE ONLY ON AN INDIVIDUAL BASIS. YOU AND WE AGREE TO WAIVE THE RIGHT TO: (1) A TRIAL BY JURY, (2) PARTICIPATE IN A CLASS ACTION OR SIMILAR PROCEEDING, EITHER AS A CLASS REPRESENTATIVE, CLASS MEMBER OR CLASS OPPONENT; OR (3) JOIN OR CONSOLIDATE YOUR CLAIM(S) WITH CLAIMS OF ANY OTHER PERSON. THIS PARAGRAPH DOES NOT APPLY TO ANY LAWSUIT FILED AGAINST US IN COURT BY A STATE OR FEDERAL GOVERNMENT AGENCY EVEN WHEN SUCH AGENCY IS SEEKING RELIEF ON BEHALF OF A CLASS THAT INCLUDES YOU.

TO THE EXTENT EITHER PARTY IS PERMITTED BY LAW TO PROCEED WITH A CLASS ACTION OR REPRESENTATIVE ACTION AGAINST THE OTHER, THE PARTIES AGREE THAT: (i) THE PREVAILING PARTY SHALL NOT BE ENTITLED TO RECOVER ATTORNEYS' FEES OR COSTS ASSOCIATED WITH PURSUING THE CLASS OR REPRESENTATIVE ACTION (NOT WITHSTANDING ANY OTHER PROVISION IN THIS AGREEMENT); AND (ii) THE PARTY WHO INITIATES OR PARTICIPATES AS A MEMBER OF THE CLASS WILL NOT SUBMIT A CLAIM OR OTHERWISE PARTICIPATE IN ANY RECOVERY SECURED THROUGH THE CLASS OR REPRESENTATIVE ACTION.

15 usc 1692J          15 usc 1692e(10)
15 usc 1611           16 usc 1692e(11)
15 usc 1035(a)        15 usc 1692 b(5)
15 usc 1605(a)(5)     15 usc 1692 f(8)
15 usc 1692d(1)       15 usc 1691(a)(3)
15 usc 1692d(2)       15 usc 1693L



You may contact the Administrator during normal business hours at the following number or address: SilverRock Automotive, Inc.

ocuSign Envelope ID: B1106E2C-5B8A-40AF-B321-F31BD4A71441



**Carvana™ Limited Warranty**

| LIMITED WARRANTY NUMBER |
|---|
| CVLW 16730925 |

## PLEASE KEEP A COPY OF THIS LIMITED WARRANTY IN YOUR VEHICLE

### CONTRACT HOLDER

| CUSTOMER'S NAME | | | CO-CUSTOMER'S NAME | | |
|---|---|---|---|---|---|
| Dominique Lauren Keith | | | N/A | | |

| ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|
| 229 W Queen St Apt 14 | Inglewood | CA | 90301-1794 |

| PHONE NUMBER | EMAIL ADDRESS |
|---|---|
| 3103418690 | Dominiquekeith@gmail.com |

### VEHICLE INFORMATION

| YEAR | MAKE | MODEL | | |
|---|---|---|---|---|
| 2018 | Buick | Encore | | |

| VIN | CURRENT ODOMETER | VEHICLE PURCHASE DATE | VEHICLE PURCHASE PRICE | CONTRACT TERM |
|---|---|---|---|---|
| KL4CJASBXJB714801 | 14769 | 10/28/2021 | 22,590.00 | 100 DAYS/4,189 MILES |

### DEALERSHIP

| DEALERSHIP NAME | PHONE NUMBER | DEALERSHIP NUMBER |
|---|---|---|
| CARVANA, LLC | 1-800-333-4554 | 20002 |

| ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|
| 63 PIERCE RD | WINDER | GA | 30680-7280 |

I have read and understand this Limited Warranty ("Limited Warranty"):

| Dominique keith | N/A | 10/29/2021 | Earl Fox |
|---|---|---|---|
| Signature of Customer | Signature of Co-Customer | Effective Date | Signature of Dealer Representative |

### COVERAGE: 100 DAY/4,189 MILE LIMITED WARRANTY

(1) Coverage Term - This portion of the Coverage ends with either of the following, whichever occurs first: (i) 100 days from Vehicle Purchase Date or (ii) when Your Vehicle has been driven 4,189 miles measured from the Current Odometer reading (indicated above).

(2) Covered Parts – Repairs on all assemblies and parts are covered on Your Vehicle under the 100 Day/4,189 Mile Limited Warranty except the following items or conditions, which are excluded and not covered unless otherwise required by state law:

- Interior or Exterior Cosmetic Imperfections    15 USC 1692d(1)    15 USC 1611    15 USC 1605a(5)
- Replaceable/Wearable Parts    15 USC 1692s    15 USC 1692e(10)
- Recommended Maintenance    12 CFR 226.4(b)(5)    15 USC 1691(a)(3)    15 USC 1692e(11)
- Aftermarket Accessories    15 USC 1635(a)    15 USC 1692f(8)

(3) In-Network Deductible - $0, Out-of-Network Deductible - $50    15 USC 1692b(5)

### DEFINITIONS

(1) "Administrator" means SilverRock Automotive Inc, PO Box 29087, Phoenix, AZ 85038-9087, Toll Free: (866) 628-3905.

(2) "Breakdown" means that event caused by the total failure of any Covered Part to work as it was designed to work in normal service due to defects in material or workmanship, provided, however, such meaning is specifically limited by those certain conditions under which a failure of a Covered Part is not deemed a Breakdown as identified in the section captioned "Exclusions".

(3) "Coverage" means the 100 Day/4,189 Mile Limited Warranty as described herein, subject to these terms and conditions.

(4) "Covered Part" means an item listed as a Covered Part in the applicable "Coverage" sections above.

(5) "Customer", "Co-Customer", "You", and "Your" mean the individual(s) identified in this Limited Warranty.

(6) "Dealership", "We", "Us" and "Our" mean Carvana, LLC. This Limited Warranty is provided to You by Us.

(7) "Interior or Exterior Cosmetic Imperfections" means any physical defects on your vehicle that do not affect the drivability or safety of the vehicle.

(8) "Recommended Maintenance": means any normal or scheduled maintenance – the parts and services that all vehicles routinely need. This includes, lubrication, engine tune-ups, replacing filters of any kind, coolant, spark plugs, bulbs or fuses (unless those costs result from a covered repair) and cleaning and polishing.

(9) "Replaceable/Wearable Parts" means any part that is designed to wear down or be replaced with general maintenance of the vehicle. Wearable components include but not limited to your drive belt, tires, brake pads, brake rotors, clutch material (in manual transmissions), wiper blades and fluids.

(10) "Repair Visit" means a visit to a repair facility to perform a diagnosis, teardown, or a covered repair.

(11) "Your Vehicle" means the Customer's vehicle identified in this Limited Warranty.

page 20



You may contact the Administrator during normal business hours at the following number or address:

DocuSign Envelope ID: B110BE2C-5B8A-4DAF-B321-F31BD4A7744T

The Authoritative copy of this record is held at EAS division

**CARVANA**

## Carvana™ Limited Warranty

15 usc 1611    15 usc 1635(a)

| LIMITED WARRANTY NUMBER |
| CVLW 16730925 |

**YOUR OBLIGATIONS**    15 usc 1692d(1)  15 usc 1692 b(5)  15 usc 1692f (8)

(1) In order for this Limited Warranty to remain in force, You must properly operate, care for and maintain Your Vehicle as recommended by Your Vehicle's manufacturer.    12 CFR 226.4(b)(5)

(2) Either You or Your licensed repair facility must obtain the Administrator's authorization number prior to beginning any covered repair.

(3) You are responsible for paying the Deductible indicated for each Repair Visit.

(4) You are responsible for authorizing and paying for any teardown or diagnosis time needed to determine if Your Vehicle has a covered Breakdown. In the event the vehicle requires teardown for diagnosis, the repair facility will need to contact the Administrator prior to beginning teardown. If it is subsequently determined that the repair is needed due to a covered Breakdown then We will pay for this part of the repair. If the failure is not a covered Breakdown then You are responsible for this charge.

**OUR OBLIGATIONS**

(1) If a covered Breakdown of Your Vehicle occurs during the term of this Limited Warranty, We will:

    (a) Repair or replace, as the Administrator deems appropriate, the Covered Part(s) which caused the Breakdown if You have met Your obligations and if the Breakdown is not excluded under the Exclusions section. Replacement parts may be of like kind and quality, subject to Administrator's discretion. This may include the use of new, remanufactured or used parts as determined by the Administrator.

    (b) Reimburse You for a rental car at the rate of up to $40.00 per day for a maximum of $400 per Breakdown or series of Breakdowns related in time or cause. The rental car reimbursement benefit is calculated using the total labor time required to repair the Breakdown(s), such that every (8) labor hours (or additional portion thereof) qualifies You for one (1) day of rental car reimbursement. Required labor time is determined from the national repair manual in use by the repair facility. To receive rental benefits you must supply Administrator with Your receipt from a licensed rental agency within ninety (90) days. Administrator is not responsible for rental costs incurred due to delays in the repair process caused by the repair facility.

## FOR EMERGENCY ROADSIDE ASSISTANCE – CALL TOLL FREE (888) 300-8607

* Towing. Limit of [$75] per incident or failure related in time or cause.
* Gasoline and fluids. An emergency supply will be provided when an immediate need arises. Limit of [$75] per occurrence. You are responsible for cost of fluids delivered.
* Flat tire assistance. Removal and replacement with Your provided spare. Limit of [$75] per occurrence.
* Lock-out assistance. Service will provide for a locksmith to gain entry to Your Vehicle if the keys are locked inside. Limit of [$75] per occurrence.
* Battery jump start. A jump start will be provided when an immediate need arises due to a drained battery. Limit of [$75] per occurrence.

## WHAT TO DO IF YOU HAVE A BREAKDOWN

(1) In the event of a Breakdown, follow this step by step procedure:

    (a) Use all reasonable means to protect Your Vehicle from further damage. This may require You to stop Your Vehicle in a safe place, turn off the engine, and have Your Vehicle towed.

    (b) Instruct Your repair facility to contact the Administrator at Toll Free (866) 628-3905 for instructions before any repairs are started on Your Vehicle. All repair work must be performed by a licensed repair facility.

    (c) Furnish the repair facility or Administrator with such information as this Limited Warranty may reasonably require. This includes receipts for towing and signed repair orders (indicating dates and mileage).

(2) If Your Vehicle requires an emergency repair outside of the Administrator's normal business hours, then You must fulfill Your Obligations and retain any replaced parts for the Administrator's inspection. You must contact the Administrator the next business day for instructions on submitting the claim. For an emergency repair to a Covered Part Your claim will not be denied solely for lack of prior authorization. "Emergency repair" means only repair outside of Administrator's normal business hours.

(3) Absent prior written approval by Administrator, all claim documentation must be received by Administrator within ninety (90) days of claim authorization date.

## COVERAGE EXCLUSIONS

(1) All parts or services not specifically listed as Covered Parts under the applicable Covered Parts section of this Limited Warranty are not covered.

(2) This Limited Warranty provides no benefits or coverage and We have no obligation under this Limited Warranty for:

    (a) A Breakdown caused by lack of customary, proper, or manufacturer's specified maintenance.

    (b) A Breakdown caused by contamination of or lack of proper fuels, fluids, coolants or lubricants, including a Breakdown caused by a failure to replace seals or gaskets in a timely manner.

    (c) A Breakdown caused by towing a trailer, another vehicle or any other object unless Your Vehicle is equipped for this use as recommended by the manufacturer.

    (d) Repair of any parts during a covered repair which are not necessary to the completion of the covered repair or were not damaged by the failure of a Covered Part. Such replacement is considered betterment and is not covered.

    (e) A Breakdown caused by or involving modifications or additions to Your Vehicle or Covered Parts unless those modifications or additions were performed or recommended by the manufacturer.

    (f) A Breakdown caused by or involving off-roading, misuse, abuse, lift kits, lowering kits, oversize or undersize tires, racing components, racing or any form of competition.





You may contact the Administrator during normal business hours at the



## CARVANA™ Limited Warranty

LIMITED WARRANTY NUMBER

CVLW 16730925

(k) Any repair which would normally be provided by Your Vehicle manufacturer, a repair shop or part supplier under their respective warranty(s).

(h) Costs or other damages caused by the failure of a part not listed under Covered Parts.

(i) Damage to Your Vehicle caused by continued vehicle operation after the failure of a Covered Part.

(j) Any liability, cost or damages You incur or may incur to any third parties other than for Administrator approved repair or replacement of Covered Parts which caused a Breakdown.

(k) A Breakdown caused by overheating, rust, corrosion, or physical damage.

(l) A Breakdown or damage to Your Vehicle caused by collision, fire, electrical fire or meltdown, theft, freezing, vandalism, riot, explosion, lightning, earthquake, windstorm, hail, water, flood or acts of the public enemy or any government authority, or for any hazard insurable under standard physical damage insurance policies whether or not such insurance is in force respecting Your Vehicle.

(m) A Breakdown not occurring in the United States or Canada.

(n) Loss of use, loss of time, lost profits or savings, inconvenience, commercial loss, or other incidental or consequential damages or loss that results from a Breakdown.

(o) Liability for damage to property, or for injury to or death of any person arising out of the operation, maintenance, or use of Your Vehicle whether or not related to a Breakdown.

(p) Any cost or other benefit for which the manufacturer has announced its responsibility through any means including public recalls or factory service bulletins.

(q) Any part not covered by, or excluded by Your Vehicle's manufacturer's warranty.

(r) Adjustments of or to, repair or replacement of any Covered Part if a Breakdown has not occurred or if the wear on that part has not exceeded the field tolerances allowed by the manufacturer.

(s) A Breakdown if your odometer fails, or for any reason does not record the actual mileage of Your Vehicle after purchase date and You do not have it repaired and the mileage certified within thirty (30) days of failure date.

(t) A Breakdown if Your Vehicle is used for business, deliveries, construction, or commercial hauling; Your Vehicle is used as a postal vehicle, taxi, police car or other emergency vehicle; You rent Your Vehicle to someone else; Your Vehicle is equipped with a snow plow or used to plow snow; You are using or have used or modified Your Vehicle in a manner which is not recommended by the Vehicle manufacturer.

(u) Exclusion of Airbags: We disclaim any knowledge of, and make no representation or warranty as to the condition or operability of the airbag(s) on the Vehicle unless otherwise disclosed to you on the AutoCheck Vehicle History Report. You acknowledge that We have not made any representations, oral or in writing, as to the condition or operability of the airbag(s), and You accept the Vehicle without representation or warranty from us. You further acknowledge that You had the opportunity to have the airbag(s) checked by someone of your choice prior to the completion of the sale.

## LIMITATION OF LIABILITY

Our total liability for any amounts paid or payable by Us to You under this Limited Warranty shall not exceed the Vehicle Purchase Price as listed in the Vehicle Information Section on Page 1 (excluding tax, title, and license fees), unless otherwise prohibited by law.

## OTHER IMPORTANT PROVISIONS

(1) This Limited Warranty will terminate when You sell Your Vehicle, when Your Vehicle reaches the time or mileage limitation, or You reach the Limit of Liability, whichever occurs first.

(2) This Limited Warranty and its benefits are not transferable to any other vehicle owner and apply only to the Customer named above.

(3) All implied warranties which may arise under state law, including all implied warranties of merchantability and fitness for a particular purpose, are limited to the duration of this Limited Warranty. Some state do not allow limitations on how long an implied warranty lasts so the above limitations or exclusions may not apply to you.

(4) This Limited Warranty does not cover any incidental, consequential, punitive, or other special damages. Some states do not allow the limitation or exclusion of incidental or consequential damages, so the above limitation or exclusion may not apply to you.

(5) This Limited Warranty gives You specific legal rights, and you may also have other rights which vary from State to State.

15 USC 1692;          15 USC 1635(a)          12 CFR 226.4(B)(5)

15 USC 1611          15 USC 1692e(10)

15 USC 1605a(5)       15 USC 1692e(11)

15 USC 1692B(5)      15 USC 1691(a)(3)

15 USC 1692f(8)      15 USC 1692d(1)



You may contact the Administrator during normal business hours at the following number or address:

ST-8 (rev 06/2014)



**Department of Revenue**
1800 Century Blvd, N.E.
Atlanta, GA 30345
1-877-423-6711

### Certificate of Exemption
### Nonresident Purchase of a Motor Vehicle
(Please Print)

O.C.G.A. § 48-5-440 defines "motor vehicle" as a vehicle which is designed primarily for use upon the public roads.

| TRADE NAME OF DEALER | | | | |
|---|---|---|---|---|
| CARVANA, LLC | | | | |
| NAME OF NONRESIDENT PURCHASER | | DRIVER'S LICENSE NUMBER AND STATE (IF APPLICABLE) | | |
| Dominique Lauren Keith | | N/A | | |
| ADDRESS | | | | |
| 229 W Queen St Apt 14 | | | | |
| CITY | | STATE | | ZIP CODE |
| Inglewood | | CA | | 90301-1794 |
| DESCRIPTION OF MOTOR VEHICLE | | | | |
| DATE OF PURCHASE | INVOICE NUMBER | MAKE | MODEL | VEHICLE ID NUMBER (VIN) |
| | 2001246278 | Buick | Encore | KL4CJASBXJB714801 |

### Affidavit for Out of State Delivery

Purchaser must be a non-Georgia resident living in another state or a business having its principal location outside Georgia.

Under penalties of perjury, I _____ Dominique Lauren Keith _____ , have examined this form and attest that all information contained herein is true and correct and that I will immediately transport the above referenced motor vehicle out of the State of Georgia and register it in the State of _____ California

*Dominique Keith*

_____
Signature
Dominique Lauren Keith
Printed Name

10/29/2021
Date

15 USC 1635 (a)
15 USC 1611
15 USC 1692j

Dealer must maintain a copy of properly executed certificate of exemption for audit purposes.

DocuSign Envelope ID B1106E2C-5B8A-40AF-B321-F31BD4A71441

The Authoritative Copy of this record is held at NA3 docusign.

15 USC 1635(a)    15 USC 1605(a)
15 USC 1611    15 USC 1691 (a) (3)

# GUÍA DEL COMPRADOR

**IMPORTANTE:** Las promesas verbales son difíciles de hacer cumplir. Solicite al concesionario que ponga todas las promesas por escrito. Conserve este formulario.

| Buick | Encore | 2018 | KL4CJASBXJB714801 |
|---|---|---|---|
| MARCA DEL VEHÍCULO | MODELO | AÑO | NÚMERO DE IDENTIFICACIÓN DEL VEHÍCULO (VIN) |

## GARANTÍAS PARA ESTE VEHÍCULO:

☐ ## COMO ESTÁ - SIN GARANTÍA DEL CONCESIONARIO

EL CONCESIONARIO NO PAGARÁ NINGUNA REPARACIÓN. El concesionario no provee una garantía para reparaciones hechas después del momento de la venta.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

☐ ## GARANTÍA DEL CONCESIONARIO

☐ GARANTÍA COMPLETA

☐ GARANTÍA LIMITADA. El concesionario pagará el <u>100</u> % de la mano de obra y el <u>100</u> % de las partes de los sistemas cubiertos que fallen durante el periodo de garantía. Pídale al concesionario una copia de la garantía y de cualquier documento que le explique la cobertura, las exclusiones y las obligaciones de reparación del concesionario. Las *garantías implícitas*, según las leyes de su estado, podrían darle derechos adicionales.

SISTEMAS CUBIERTOS:                                    DURACIÓN:

Se aplicará un deducible de $50 por cada visita de reparación fuera de la red de proveedores. Visitas de reparación dentro de la red de proveedores no requieren un deducible.

## GARANTÍAS QUE NO PERTENECEN AL CONCESIONARIO:

☒ LA GARANTÍA DEL FABRICANTE TODAVÍA APLICA. La garantía original del fabricante no ha expirado para algunos de los componentes del vehículo.

☐ SE APLICA LA GARANTÍA DEL FABRICANTE PARA VEHÍCULOS USADOS

☐ SE APLICA OTRA GARANTÍA PARA VEHÍCULOS USADOS

Pídale al concesionario una copia del documento de garantía y una explicación de la cobertura, las exclusiones y las obligaciones de reparación.

☒ CONTRATO DE MANTENIMIENTO. Con un cargo adicional, puede obtener un contrato de mantenimiento para este vehículo. Pregunte acerca de los detalles de la cobertura, los deducibles, el precio y las exclusiones. Si compra un contrato de mantenimiento dentro de los 90 días desde el momento en que compró el vehículo, las *garantías implícitas* según las leyes de su estado podrían darle derechos adicionales.

**PREGÚNTELE AL CONCESIONARIO SI SU MECÁNICO PUEDE INSPECCIONAR EL VEHÍCULO DENTRO O FUERA DEL CONCESIONARIO.**

**OBTENGA UN INFORME DEL HISTORIAL DEL VEHÍCULO Y VERIFIQUE SI EXISTEN RETIROS POR DEFECTOS DE SEGURIDAD PENDIENTES.** Para información sobre cómo obtener un Informe del Historial del Vehículo, visite el sitio ftc.gov/carrosusados. Para verificar si existen retiros por defectos de seguridad pendientes, visite safercar.gov. Para aprovechar al máximo los recursos de estos sitios necesitará el número de identificación de vehículo (VIN) mostrado anteriormente.

**CONSULTE EL DORSO para obtener más información, incluyendo una lista de defectos importantes que pueden ocurrir en vehículos de motor usados.**

ocuSign Envelope ID: B1106E2C-5B8A-40AF-B321-F31BD4A71441

THIS IS A COPY
The Authoritative Copy of this record is held at NA3.docusign.

# GUÍA DEL COMPRADOR

**IMPORTANTE:** Las promesas verbales son difíciles de hacer cumplir. Solicite al concesionario que ponga todas las promesas por escrito. Conserve este formulario.

| Buick | Encore | 2018 | KL4CJASBXJB714801 |
|---|---|---|---|
| MARCA DEL VEHÍCULO | MODELO | AÑO | NÚMERO DE IDENTIFICACIÓN DEL VEHÍCULO (VIN) |

## GARANTÍAS PARA ESTE VEHÍCULO:

☐ ## SOLO GARANTÍAS IMPLÍCITAS

El concesionario no hace ninguna promesa de reparar lo que sea necesario cuando compre el vehículo o posteriormente. Sin embargo, las *garantías implícitas* según las leyes estatales podrían darle algunos derechos para hacer que el concesionario se encargue de ciertos problemas que no fueran evidentes cuando compró el vehículo.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

☐ ## GARANTÍA DEL CONCESIONARIO

☐ GARANTÍA COMPLETA

☐ GARANTÍA LIMITADA. El concesionario pagará el 100% de la mano de obra y el 100% de las partes de los sistemas cubiertos que fallen durante el período de garantía. Pídale al concesionario una copia de la garantía y de cualquier documento que le explique la cobertura, las exclusiones y las obligaciones de reparación del concesionario. Las *garantías implícitas*, según las leyes de su estado, podrían darle derechos adicionales.

**SISTEMAS CUBIERTOS:**                     **DURACIÓN:**

Se aplicará un deducible de $50 por cada visita de reparación fuera de la red de proveedores. Visitas de reparación dentro de la red de proveedores no requieren un deducible.

## GARANTÍAS QUE NO PERTENECEN AL CONCESIONARIO:

☒ LA GARANTÍA DEL FABRICANTE TODAVÍA APLICA. La garantía original del fabricante no ha expirado para algunos de los componentes del vehículo.

☐ SE APLICA LA GARANTÍA DEL FABRICANTE PARA VEHÍCULOS USADOS

☐ SE APLICA OTRA GARANTÍA PARA VEHÍCULOS USADOS

Pídale al concesionario una copia del documento de garantía y una explicación de la cobertura, las exclusiones y las obligaciones de reparación.

☒ CONTRATO DE MANTENIMIENTO. Con un cargo adicional, puede obtener un contrato de mantenimiento para este vehículo. Pregunte acerca de los detalles de la cobertura, los deducibles, el precio y las exclusiones. Si compra un contrato de mantenimiento dentro de los 90 días desde el momento en que compró el vehículo, las *garantías implícitas* según las leyes de su estado podrían darle derechos adicionales.

**PREGÚNTELE AL CONCESIONARIO SI SU MECÁNICO PUEDE INSPECCIONAR EL VEHÍCULO DENTRO O FUERA DEL CONCESIONARIO.**

**OBTENGA UN INFORME DEL HISTORIAL DEL VEHÍCULO Y VERIFIQUE SI EXISTEN RETIROS POR DEFECTOS DE SEGURIDAD PENDIENTES.** Para información sobre cómo obtener un Informe del Historial del Vehículo, visite el sitio ftc.gov/carrosusados. Para verificar si existen retiros por defectos de seguridad pendientes, visite safercar.gov. Para aprovechar al máximo los recursos de estos sitios necesitará el número de identificación de vehículo (VIN) mostrado anteriormente.

**CONSULTE EL DORSO para obtener más información, incluyendo una lista de defectos importantes que pueden ocurrir en vehículos de motor usados.**

DocuSign Envelope ID: B1106E2C-5B8A-40AF-B321-F31BD4A71441

The Authoritative Copy of this record is held at NA3 docusign.

A continuación podrá encontrar una lista de los defectos principales que podrían ocurrir en vehículos usados

**Chasis y carrocería**
Grietas en el chasis, soldaduras correctivas u oxidadas
Descuadrado: chasis doblado o torcido

**Motor**
Pérdidas de aceite, excepto las filtraciones normales
Bloque o cárter con grietas
Correas ausentes o fuera de servicio
Golpes o fallas relacionados con levantadores de levas o bielas
Descarga del escape fuera de lo normal

**Transmisión y eje motor**
Nivel inadecuado de fluido o pérdidas excepto filtraciones normales
Grietas o daños visibles en la caja
Ruidos o vibraciones fuera de lo normal ocasionadas por la transmisión o el eje motor
Cambios o funcionamiento inadecuados en cualquier velocidad
Patinados o vibraciones del embrague manual

**Diferencial**
Nivel inadecuado de fluido o pérdidas excepto filtraciones normales
Grietas o daños visibles en el cárter del diferencial
Ruidos o vibraciones fuera de lo normal ocasionadas por fallas en el diferencial

**Sistema de enfriamiento**
Pérdidas, incluidas las del radiador
Funcionamiento inadecuado de la bomba de agua

**Sistema eléctrico**
Pérdidas en la batería
Funcionamiento inadecuado del alternador, generador, batería o arrancador

**Sistema de combustible**
Pérdidas visibles

**Accesorios fuera de servicio**
Indicadores o dispositivos de advertencia
Aire acondicionado
Calefacción y Desempañador

**Sistema de frenos**
Luz de advertencia de fallas rota
Falla de firmeza cuando se presiona el pedal (según especificaciones del Departamento de Transporte [DOT])
Distancia insuficiente del pedal (según especificaciones del DOT)
El vehículo no se detiene en línea recta (según especificaciones del DOT)
Mangueras dañadas
Tambor o rotor muy delgados (según especificaciones del fabricante)
Grosor de la placa o del revestimiento inferior que 1/32 pulgadas
Unidad de potencia fuera de servicio o con pérdidas
Partes estructurales o mecánicas dañadas

**Bolsas de aire**

**Sistema de dirección**
Demasiado juego en el volante (según especificaciones del DOT)
Juego mayor a 1/4 de pulgada en el varillaje
El mecanismo de dirección se traba
Alineación inadecuada de las ruedas frontales (según especificaciones del DOT)
Grietas o deslizamientos en las correas de la unidad de potencia
Nivel inadecuado de fluidos de la unidad de potencia

**Sistema de suspensión**
Juntas de rótula dañadas
Partes estructurales dobladas o dañadas
Barra estabilizadora desconectada
Resorte roto
Cojinete del amortiguador suelto
Cojinetes de caucho dañados o ausentes
Biela dañada o ausente
Amortiguador con pérdidas o con funcionamiento inadecuado

**Neumáticos**
Profundidad de las ranuras menor que 2/32 de pulgada
Tamaños que no corresponden
Daños visibles

**Ruedas**
Grietas, daños o reparaciones visibles
Tornillos de sujeción sueltos o ausentes

**Sistema de escape**
Pérdidas
Convertidor catalítico

*[Handwritten in red ink:]*
15 USC 1611
15 USC 1635(a)
15 USC 1692 e(10)
15 USC 1692 e(11)
15 USC 1691(a)(3)
15 USC 1605(a)(5)

12 CFR 226.4(b)(5)

NOMBRE DEL CONCESIONARIO
CARVANA, LLC

DIRECCIÓN DEL CONCESIONARIO
63 PIERCE RD                    WINDER, GA 30680-7280

TELÉFONO                        CORREO ELECTRÓNICO
1-800-333-4554                  DL-CarvanaPhoenixAdvocate@carvana.com

PARA QUEJAS DESPUÉS DE LA VENTA COMUNÍQUESE CON

**IMPORTANTE:** La información de este formulario es parte de cualquier contrato para comprar este vehículo. Quitar esta etiqueta antes de la compra del consumidor (excepto a los fines de realizar una prueba de conducción) es una infracción a la ley federal (16 C.F.R. 455).

DocuSign Envelope ID: B1106E2C-5B8A-40AF-B321-F31BD4A71441

THIS IS A COPY.
The Authoritative Copy of this record is held at NA3.docusign.



I certify that
- I am not in the process of filing a Bankruptcy nor am I in an active Bankruptcy
  **OR**
- I have provided Carvana with appropriate documentation regarding a Bankruptcy filing to proceed with the transaction

x _Dominique Keith_

Dominique Lauren Keith

15 usc 1611
15 usc 1692f(8)
15 usc 1692 b(5)
15 usc 1691(a)(3)
15 usc 1692e(10)
15 usc 1692 e(11)
15 usc 1635(a)
15 usc 1692 j

DocuSign Envelope ID B1106E2C-5B8A-40AF-B321-F31BD4A71441

The Authoritative Copy of this record is held at NA3.docusign

# ODOMETER DISCLOSURE STATEMENT
### (Retail)

DATE OF STATEMENT __10/29/2021__

Federal law (and State law, if applicable) requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

I, __CARVANA, LLC.__ _____ state that the odometer now reads

__14769_____ (no tenths) miles and to the best of my knowledge that it reflects the actual mileage of the vehicle described below, unless one of the following statements is checked.

|  | (1) | I hereby certify that to the best of my knowledge the odometer reading reflects the amount of mileage in excess of its mechanical limits. |
| --- | --- | --- |
|  | (2) | I hereby certify that the odometer reading is NOT the actual mileage. WARNING -- ODOMETER DISCREPANCY |

YEAR __2018_____ MAKE __Buick_____ MODEL __Encore_____

BODY TYPE __SUV_____ VEHICLE ID NO.
__KL4CJASBXJB714801__

TRANSFEROR'S NAME __CARVANA, LLC__
(PRINTED NAME)

TRANSFEROR'S ADDRESS __63 PIERCE RD__
(STREET)

__WINDER__                    __GA__         __30680-7280__
(CITY)                        (STATE)        (ZIP)

TRANSFEROR'S NAME **X** _____
(SIGNATURE) Paul Breaux

TRANSFEREE'S NAME __Dominique Lauren Keith__
(PRINTED NAME)

TRANSFEREE'S ADDRESS __229 W Queen St Apt 14__
(STREET)

__Inglewood__                 __CA__         __90301-1794__
(CITY)                        (STATE)        (ZIP)

TRANSFEREE'S NAME **X** _____
(SIGNATURE) Dominique Lauren Keith

15 USC 1692;
15 USC 1635(a)

C038 (10/29/2021)

DocuSign Envelope ID: B1106E2C-5B8A-40AF-B321-F31BD4A71441

The Authoritative Copy of this record is held at NA3 docusign.

## CREDIT REPORTING NOTICE

Thank you for being a Carvana customer. We know you have other choices and we appreciate you choosing us to assist you.

We report all information, positive and negative. "Negative information" means information concerning delinquencies, late payments, missed payments, or any form of default. If you believe any information we have reported is inaccurate please notify us immediately in writing at the address below.

If you have any questions about any of our programs or your credit reporting, Please feel free to call us at 877-235-9900 or write us at 1930 W Rio Salado Pkwy, Tempe, AZ 85281, Attn: Credit Bureau Disputes

Have a great day!

Dominique keith

15 usc 1692g
15 usc 1692e(10)
15 usc 1692 e(11)
15 usc 1692d(1)
15 usc 1692 d(2)
15 USC 1681b(2)
15 usc 1681a(2)(a)(i)
15 usc 1611
15 usc 1692e(1b)

DocuSign Envelope ID B1106E2C-5B8A-40AF-B321-F31BD4A/1441

The Authoritative Copy of this record is held at NA3.docusign

# CARVANA    *15 usc 1692 e(10)*    GAP Addendum    *15 usc 1611, 12 CFR 226A(b)15*

## Vehicle Information

| Vehicle Identification Number (VIN) KL4CJASBXJB714801 | Year 2018 | Make Buick | Model Encore |
|---|---|---|---|

| MSRP (New) / J.D. Power (Used) 22590.00    *15 usc 1692 e(11)* | Odometer Reading 14769 |
|---|---|

## Customer/Borrower/Lessee

| First & Last Name or Company Name Dominique L Keith | Co-Borrower / Co-Lessee Name |
|---|---|

| Address 229 W Queen St Apt 14 | Email Address |
|---|---|

| City Inglewood | State CA | Zip Code 90301-1794 | Phone Number 310-341-8690 |
|---|---|---|---|

## Financial Agreement

| ☑ Installment Sale  ☐ Balloon  ☐ Loan  ☐ Lease | Effective Date 10/29/2021 | Term 72 |
|---|---|---|

| Amount Financed/Lease Cap Cost 24949.00 | Finance Rate/Lease Charge 27.2 |
|---|---|

## Guaranteed Asset Protection (GAP)

| The Charge to You for this GAP Addendum: 795.00 | ☐ COMMERCIAL USE/REGISTRATION: (as defined in VI , D ) AVAILABLE ONLY FOR MOTOR VEHICLES UP TO 16,000 POUNDS GVWR-Not available for FMCC financed contracts (see IV.C for other exclusions) |
|---|---|

| Maximum Amount Financed/Lease Cap Cost: $200,000 (FMCC Maximum Amount Financed for personal use is limited to $100,000) | The Maximum Deductible Amount for automobile physical damage insurance: $1,000 |
|---|---|

**Maximum Liability:** If the amount financed or lease cap cost exceeds 150% of the lowest of (a) the **Vehicle** purchase price or agreed upon value as shown on the **Financial Agreement**, (b) MSRP, or (c) J.D. Power or equivalent retail book value, the settlement will be reduced in proportion to the amount that exceeds the stated limit of 150%. In no event will this GAP Addendum waive any amount in excess of fifty-thousand dollars ($50,000).    *15 usc 1691(a)(3)*

**Maximum GAP and Financial Agreement Term:** EIGHTY FOUR (84) MONTHS FOR NEW AND USED VEHICLES.
*15 usc 1635(a)*

**PROGRAM ADMINISTRATOR:** Universal Warranty Corporation PO Box 6543, Chicago, IL 60680    800-631-5590    www.allyclaims.com

| Financial Institution | | | Seller | | |
|---|---|---|---|---|---|
| Name Carvana | | | Seller Name/Seller ID (Required) CARVANA, LLC    794287 | | |
| Address 1930 W Rio Salado Pkwy | | | Address 1930 W RIO SALADO PKWY | | |
| City Tempe | State AZ | Zip Code 85281 | City TEMPE | State AZ | Zip Code 85281-2339 |
| Phone Number 800-333-4554 | | | Phone Number | Employee ID (Optional) 2001246278 | |

You have read the entire disclosures and terms of this GAP Addendum and You agree to all of the terms of this GAP Addendum. You understand that neither the extension of credit, the terms of the credit, nor the terms of the related motor vehicle sale or lease may be conditioned upon the purchase of this GAP Addendum. This GAP Addendum is optional and will not be provided unless You sign below and pay the charges as shown above. This GAP Addendum may not cancel or waive the entire amount owed under the Financial Agreement at the time of loss. THIS GAP ADDENDUM IS NOT A CREDIT INSURANCE POLICY AND NEITHER DOES IT PROVIDE PHYSICAL DAMAGE COVERAGE NOR ELIMINATE YOUR OBLIGATION TO INSURE YOUR VEHICLE UNDER APPLICABLE STATE LAW. YOU MAY WISH TO CONSULT AN INSURANCE AGENT TO DETERMINE WHETHER SIMILAR COVERAGE MAY BE OBTAINED AND AT WHAT COST. Unless You provide proof that the Financial Agreement has been terminated, all refunds will be made payable to the Financial Institution and may be applied to reduce the total amount owed under the Financial Agreement.

## Signature

☒ **You want to purchase this GAP Addendum**

| Customer/Borrower/Lessee Signature Dominique Keith | Co-Borrower/Co-Lessee Signature | Date 10/29/2021 |
|---|---|---|
| Seller/Title Representative Name Paul Breaux | Seller Representative Signature s/s Paul Breaux | Date 10/29/2021 |

©2021 Ally Financial All rights reserved
Ally is a registered service mark of Ally Financial

DocuSign Envelope ID: B1106E2C-5B8A-40AF-B321-F31BD4A71441

# GAP Addendum

### Definitions

This Guaranteed Asset Protection ("GAP") Waiver Addendum ("Addendum") is not insurance; it is a debt cancellation agreement which amends and becomes a part of Your **Vehicle** Conditional Sale Agreement ("Contract"). This Addendum is entered between the **Customer**, and the Lender (referred herein as "We" or "Us"). We have appointed Universal Warranty Corporation as the **Administrator** of this Addendum. The **Administrator** is not a party of this Addendum and its sole responsibility is to perform the administration for this Addendum.

### Key Terms

The following words are important for the purpose of this Addendum and the following terms shall mean:

**"Actual Cash Value"** means the value of Your **Vehicle** on the date of loss as determined by Your **Insurer.**

**"Administrator"** or **"Program Administrator"** means Universal Warranty Corporation PO Box 6543, Chicago, IL 60680 800-631-5590
(www.allyclaims.com)

**"Commercial Use/Registration"** means utilization of the **Vehicle** for any commercial purpose. Commercial purpose is defined as using a motor **Vehicle** for a purpose other than personal, family or household.

**"Customer"** means the **Customer**/Borrower/Lessee/Co-Borrower/Co-Lessee purchasing the **Vehicle** as stated in the application section of this Addendum. You or Your refers to the **Customer.**

**"Financial Agreement"** means any loan, finance or security or other agreements or documents entered by the Lender and **Customer**.

**"Insurer"** and **"Insurance Company"** mean an insurance company providing the **Customer** with comprehensive and collision coverage or all perils coverage on the **Vehicle.**

**"Seller"** means the **Seller** listed in the Contract Registration.

**"Total Loss"** means a total or constructive **Total Loss** as determined by the **Insurer** of Your **Vehicle.**

**"Vehicle"** or **"Your Vehicle"** means the **Vehicle** shown on **Vehicle** Information Section of the Contract Registration including all options and equipment and is a four wheel private passenger **Vehicle,** van, pickup, or light truck that does not exceed a gross vehicle weight rating (GVWR) of 16,000 pounds.

15 usc 1611
15 usc 1605(a)(6)
15 usc 1635(a)
15 usc 1692j
15 usc 1691(a)(3)
15 usc 1692 e(10)
15 usc 1692 e(11)

15 usc 1693L
15 usc 1692a(4)
15 usc 1692k
12 usc 1431

DocuSign Envelope ID: B1106E2C-5B8A-40AF-B321-F31BD4A71441

**I. Agreement**  15 USC 1692d(1)   15 USC 1692e(10)

The **Customer**/Borrower/Lessee/Co-Borrower/Co-Lessee ("You", "Your") and the **Seller** named above agree to amend the provisions of the **Financial Agreement** described above as follows:   15 USC 1692e(11)

A. In the event Your **Vehicle** is declared a **Total Loss** by Your **Insurance** Company providing automobile physical damage coverage ("**Insurer**") as a result of theft or damage, the **Seller** agrees to waive the difference between the Outstanding Balance (as defined in I.A.1. below) and the **Insurer's** Payment (as defined in I.A.2. below):

   1. The Outstanding Balance shall mean the amount owed under Your **Financial Agreement** on the date of loss, LESS any:
      a. Late charges, repossession and collection fees, returned payment charges, finance charges incurred due to late payments, and other charges incurred because you failed to make payments on the due date;
      b. past due payments exceeding fifteen (15) days past due, deferred or extended payments, finance charges incurred as a result of the first payment due date being greater than forty five (45) days from the effective date of the **Financial Agreement** and any charges associated with extensions or deferments;
      c. any refund amounts due from insurance, maintenance, service, or other similar contracts,
      d. amounts financed under the **Financial Agreement** for optional equipment or **Vehicle** modifications that are not insured,
      e. amounts financed under the **Financial Agreement** that exceed the Maximum Eligibility Limit; and
      f. Unearned finance, lease or service charges, disposal fees, refundable prepaid taxes and fees, or other items added to the **Financial Agreement** after the Effective Date of the **Financial Agreement**, including any fees and interest charges associated with any such amount;

   2. The **Insurer's** Payment shall mean the settlement You receive from Your **Insurer** based on the **Actual Cash Value** of Your **Vehicle**, PLUS or NET of any:
      a. deductible amount under Your automobile physical damage coverage in excess of the maximum deductible amount;
      b. deductions from the **Insurer's** settlement due to wear and tear, prior damage, and other condition adjustments;
      c. deductions for unpaid insurance premiums;
      d. deductions for salvage, towing and storage; and
      e. all other payments (including supplemental payments for taxes owed) made from insurance companies and others on account of their liability for loss to Your **Vehicle**.

B. If Your **Vehicle** did not have applicable automobile physical damage insurance coverage in effect at the time of loss and there is no **Insurer's** Payment, the **Program Administrator** will (i) determine whether Your **Vehicle** is a **Total Loss** based on insurance industry standards and (ii) if Your **Vehicle** is a **Total Loss**, determine the amount to be waived under I.A. as if there were an **Insurer's** Payment for the loss equal to the **Actual Cash Value** of Your **Vehicle** at the time of loss based on the J.D. Power Guide and assuming a $0 deductible and no other deductions from the payment.

**II. Term of Agreement**

This GAP Addendum is effective on the **Financial Agreement** effective date and expires on the earliest of:

A. the date the **Financial Agreement** is originally scheduled to terminate;
B. the date of early termination of the **Financial Agreement** including the refinancing of Your **Vehicle**;
C. the date of repossession or surrender of Your **Vehicle**;
D. the date corresponding to the **Maximum GAP and Financial Agreement Term**;
E. the date of the **Total Loss** of Your **Vehicle**.

**III. Cancellation**

**You may cancel this GAP Addendum at any time during its term for any or no reason. If You cancel this GAP Addendum within sixty (60) days of purchase, You** will receive a full refund provided no claims have been made. **If You cancel this GAP Addendum after sixty (60) days of purchase, any cancellation refund will be calculated pro rata by time, unless otherwise required by state law.** A $50 cancellation fee applies to all cancellations made after sixty (60) days of purchase. To cancel this GAP Addendum You may contact the **Program Administrator** at 1-800-631-5590 or return this addendum to the **Seller**. If the **Financial Agreement** is terminated, Your request for cancellation or early termination refund must be made in writing to the **Seller** or **Administrator** within 90 days of the event that terminated the **Financial Agreement**. If You do not receive notice that Your refund has been processed within sixty (60) days of the date the request for cancellation was made or need assistance requesting cancellation, contact the **Program Administrator** identified in this GAP Addendum.

If this GAP Addendum expires pursuant to Section II(C), notification must be provided to **Program Administrator** within ninety (90) days of such expiration by You, the Financial Institution, or any assignee or successor in interest of the Financial Institution. If such notification is not provided, the charge for the GAP addendum will be deemed fully earned and no refund will be issued.

**IV. Exclusions and Limitations**

A. This GAP Addendum is void if:
   1. purchased after the effective date of the **Financial Agreement**;
   2. the **Financial Agreement** does not have equal scheduled monthly payments for the full term of the **Financial Agreement**, except for a **Financial Agreement** having equal scheduled monthly payments for the full term with the exception of a single balloon payment at maturity;
   3. the amount financed/lease cap exceeds the stated maximum, or
   4. the **Financial Agreement** term exceeds the stated maximum term.

B. Limit of Liability: In no event will this GAP Addendum waive any amount in excess of fifty-thousand dollars ($50,000).

C. This GAP Addendum does not apply:
   1. to losses arising out of events:
      a. occurring prior to the effective date of this GAP Addendum or after You return Your **Vehicle** to the **Seller**;
      b. directly or indirectly caused by any dishonest, fraudulent, criminal or illegal act by You or Your agent or anyone using the **Vehicle** with Your specific or implied permissive use, including but not limited to driving under the influence of alcohol/drugs or the commission of any misdemeanor or felony;

DocuSign Envelope ID: B1106E2C-5B8A-40AF-B321-F31BD4A71441

    c. arising out of any racing, speed contest or other competitive driving;
- d. occurring outside of the United States or Canada; or
- e. excluded or denied by Your **Insurer**, except as provided under Section I.B. of this GAP Addendum.
2. to certain types of **Vehicles**. The following vehicles are excluded from all coverage including **Commercial Use/Registration:**
   - a. **Vehicles** used exclusively for livery, taxicabs, hire & rental;
   - b. **Vehicles** used for competitive driving, racing, and off-road use;
   - c. **Vehicles** equipped with or identified as snowplows;
   - d. **Vehicles** with gross vehicle weight rating GVWR exceeding 16,000 pounds;
   - e. **Vehicles** used for delivery services, as pool cars or emergency **Vehicles**;
   - f. Trailers, special commercial optional equipment, accessories and body components.
3. if You fail to comply with any term or condition of this GAP Addendum.

## V. Duties After a Total Loss

In the event of a **Total Loss** of Your **Vehicle**, You must:
A. notify the **Program Administrator** within ninety (90) days of receipt of Your **Insurer's Payment** or within ninety (90) days of the date Your Financial Institution notifies You of any deficiency balance owed, whichever is later. If You did not have automobile physical damage insurance for Your **Vehicle**, You must notify the **Program Administrator** within ninety (90) days of the date of accident, damage or theft.
B. File Your claim with the **Program Administrator** or directly at www.allyclaims.com.
C. cooperate with the **Program Administrator** and the **Seller**; and
D. Provide the **Program Administrator** a copy of the following documents: Your **Vehicle's**:
1. factory invoice/vehicle information form
2. auto insurance policy
3. GAP Addendum
4. **Financial Agreement**
5. purchase agreement/bill of sale
6. aftermarket product refund amounts
7. payment history with outstanding balance
8. payoff quote
**Insurer's:**
1. market valuation report
2. settlement break down
3. settlement check or proof of payment
Additionally:
1. a police report (if filed)
2. any additional reasonable documentation requested by either the **Program Administrator** or **Seller**.

*[handwritten annotations:]* 15 usc 1611  15 usc 1692d(1)  15 usc 1693L  15 usc 1692d(2)  15 usc 1691(a)(3)  15 usc 1692e(10)  15 usc 1605(a)(2)  15 usc 1692e(11)  15 usc 1692g

## VI. Other Terms

A. You grant the **Program Administrator** the right to recover any amounts payable under Your automobile physical damage coverage that was not paid by Your **Insurer** after a **Total Loss**. You shall cooperate with the **Program Administrator** to do whatever is necessary to enable the **Program Administrator** to exercise its rights and do nothing to prejudice the **Program Administrator**. This may include, but is not limited to, demanding full payment under Your automobile insurance policy from Your **Insurer**. If You recover amounts over the **Insurer's** Payment, or any payment from any **insurer**, warrantor, or obligor on any coverage paying benefits as a result of a **Total Loss** of Your **Vehicle**, You shall reimburse the **Program Administrator** to the extent of such amounts, up to the amount waived for You under this GAP Addendum.
B. This GAP Addendum is non-transferable, however if a Issuer/Financial Institution assigns, sells or transfers a **Financial Agreement**, the GAP Addendum remains a part of the **Financial agreement**.
C. **YOUR BENEFITS MAY DECREASE OVER THE TERM OF YOUR FINANCIAL AGREEMENT.**
D. An automobile, van or light truck utilized for any commercial use is excluded from coverage unless the COMMERCIAL USE/REGISTRATION option has been purchased. A **Vehicle** registered or insured as commercial or to a business shall be deemed commercial or a personal use vehicle that is incidentally used for a commercial purpose.
E. The charge for this GAP Addendum will be deemed fully earned and no refund will apply when Your **Vehicle** is declared a covered **Total Loss** or if the waiver provides a benefit.
F. If an Issuer/Financial Institution assigns, sells or transfers the **Financial Agreement**, the GAP Addendum remains a part of the **Financial agreement**.
G. Vehicles with greater than five thousand (5,000) miles or greater are considered used vehicles.

## VII. Fraud and Misrepresentation

This GAP Addendum is issued in reliance upon the truth of all representations made by You. If You have concealed or misrepresented any material fact(s) concerning this GAP Addendum, or in case of fraud, attempted fraud or the false swearing by You affecting any matter relating to this GAP Addendum, whether before or after the **Total Loss** of Your **Vehicle**, this GAP Addendum may be voided and all charges will be returned, less a $50.00 processing fee.

## VIII. Finance Company Disclosures

**For Ford Credit (Ford Motor Credit Company) Financed Contracts Only:**
Cancellation and processing fees are not applicable in any state.
Maximum GVWR for personal use is limited to 12,500 pounds and COMMERCIAL USE/REGISTRATION is not available.
Notwithstanding Section IV.A.2, this GAP Addendum is acceptable for Ford Flex Buy contracts. For Ford Flex Buy contracts, the amount waived will be calculated by amortizing the **Financial Agreement** according to its payment schedule.
**VI. Other Terms E is replaced with the following:**
The charge for this GAP Addendum will be deemed fully earned and no refund will apply when Your **Vehicle** is declared a **Total Loss** and if the waiver provides a benefit.

## IX. State Provisions

**California:** The Maximum GAP and **Financial Agreement** Term is 84 months.

DocuSign Envelope ID: B1106E2C-5B8A-40AF-B321-F31BD4A71441

The Authoritative Copy of this record is held at NA3.docusign.



15 usc 1601 (p)

15 usc 1692;

15 usc 1692 e(19)'

## Notice of Collection (California Residents Only)

**Collection, Use, and Disclosure of Personal Information**

We collect and have collected, used, and disclosed, in the past 12 months, the following categories of Personal Information about California residents:

- Identifiers such as full name, postal address, email address, telephone number, vehicle identification number, or other similar identifiers;
- Personal Information as defined in the California safeguards law such as full name, address, and telephone number, and
- Sensory data such as audio, electronic, or similar information.

We collect the above categories of Personal Information from the following sources:

- From California residents or authorized agents and parties (e.g., from documents that you provide to us related to the services for which you engage us or through information we collect from you including your employer, in the course of providing services to you);
- Directly and indirectly from your activity on our digital properties (e.g., from submissions through our website portal or website details we collect automatically);
- From third parties (e.g., credit bureaus and consumer data resellers) that interact with us in connection with services and activities we perform; and
- From our affiliates.

We collect and have collected in the past 12 months the above categories of Personal Information for one or more of the following business or commercial purposes.

- To fulfill or meet the reason for which the information was provided. If you provide your personal information to purchase a product or service, we will use that information to process your request;
- To provide, support, and develop our websites, products, and services;
- To create, maintain, customize, and secure your account with us;
- To process your requests, purchases, transactions, and payments and prevent transactional fraud;
- To provide you with support and to respond to your inquiries, including to investigate and address your concerns and monitor and improve our response;
- To personalize your website experience and to deliver relevant content and product and service offerings, including targeted offers and ads through our websites, third-party sites, and via email or text message (with your consent, where required by law);
- To help maintain the safety, security, and integrity of our business websites, products and services, databases and other technology assets;
- For testing, research, analysis, and product development, including to develop and improve our websites, products, and services;
- To respond to law enforcement requests and as required by applicable law, court order, or governmental regulations; and
- As described to you when collecting your personal information or as otherwise set forth in the CCPA.

We will not collect additional categories of Personal Information or use Personal Information we collect for purposes not disclosed within this form.

For additional information, please read our CCPA Disclosure for California Residents, which is located at https://www.ally.com/privacy.

Case 2:22-cv-01668-JLS-KS Document 1 Filed 03/14/22 Page 38 of 78 Page ID #:38

DocuSign Envelope ID: B1106E2C-5B8A-40AF-B321-F31BD4A71441

The Authoritative Copy of this record is held at NA3.docusign.

15 usc 1692 ;
15 usc 1693L
15 usc 1692 d(1)

## ARBITRATION AGREEMENT

### NOTICE OF ARBITRATION AGREEMENT

We both agree that if we have a dispute, either of us can decide to resolve it by using arbitration. Arbitration is a formal process for resolving disputes without going to court. If you want to learn more about arbitration, please navigate to the following links in your browser.

- http://info.adr.org/consumer-arbitration/
- https://www.jamsadr.com/adr-arbitration

If you wish, **you can decide to opt out and reject this arbitration agreement** but to reject this arbitration agreement you will need to follow the instructions under the heading "Your Right to Reject this Agreement". You will need to act in the next 30 days or you lose your right to reject this arbitration agreement. It is your choice.

By choosing arbitration, we are both giving up our right to go to court (except small claims court) to resolve our dispute. In arbitration a neutral person, called an arbitrator, listens to both of us and decides how our dispute is resolved. Arbitrator decisions are enforceable, just like a court order. Unlike court orders, these decisions are subject to very limited review by a court. Once a decision is made it is final, except in very limited circumstances.

In arbitration, we both give up our right to a judge or jury, and, as a result, there is no jury trial. However, if either of us elects to use small claims court to resolve the dispute, the dispute will be resolved in small claims court rather than arbitration.

If you or we choose arbitration, only our individual claims will be arbitrated. Claims by groups of individuals or "Class" arbitrations, are not allowed. By choosing to arbitrate, you will be giving up your right to participate in a class action or a private attorney general action in court or in arbitration with respect to the dispute.

Arbitration rules are generally simpler and more limited than court rules. If you want to learn more about the rules and how they work, navigate to the following link in your browser:

- https://www.adr.org/sites/default/files/Consumer_Rules_Web.pdf
- https://www.jamsadr.com/rules-streamlined-arbitration/

The Arbitration Agreement also explains what the fees and costs for the arbitration will be, and who will pay them.

This is only a summary. As with all legal agreements, please read the entire agreement carefully before you sign. **Unless you opt out of the Arbitration Agreement, it will substantially affect your rights in the event of a dispute between you and us.**

"Us/We/Our" means Carvana, any purchaser, assignee or servicer of the Contract, all of their parent companies, and all subsidiaries, affiliates, predecessors and successors, and all officers, directors and employees of any of the forgoing. "Us/We/Our" also means any third party providing any product or service in connection with or incidental to the Contract, the sale of the vehicle and/or other goods or services covered by the Contract and/or related to the vehicle, if such third party is named as a co-defendant with us in a Claim you assert. "Us/We/Our" have these meanings only for this Agreement. This Agreement is part of, and is hereby incorporated into, the Contract. However, whenever in this Agreement the term "Contract" is used, it does not include this Agreement.

"You/Your" means you and/or any of your heirs or personal representatives.

characteristics of adhesion
unclear and ambiguous terminology , overly complex
language that clearly favors the drafter

"Contract" means the Retail Purchase Agreement (in Texas, the Buyer's Order) and/or the related Retail Installment Contract and Security Agreement (in California, Conditional Sales Contract and Security Agreement) you signed with us in connection with this purchase, and any prior Retail Purchase Agreement (in Texas, Buyer's Order) and/or Retail Installment Contract and Security Agreement (in California, Conditional Sales Contract and Security Agreement) that you previously had with us.

15 usc 1635(a)
15 usc 1692d(2)

C100GA (Revised
03/27/2018)

DocuSign Envelope ID B1106E2C-5B8A-40AF-B321-F31BD4A71441

THIS IS A COPY

The Authoritative Copy of this record is held at NA3 docusign.

15 usc 1611    15 usc 1692d(1)
15 usc 1692g
15 usc 1693L

"Agreement" means this Arbitration Agreement.

"Including" and "includes" means "including but not limited to."

This Agreement describes how a Claim may be arbitrated instead of litigated in court.

"Claim" means any claim, dispute our controversy between you and us arising from or related to one or more of the following:

    (a) The Contract.
    (b) The vehicle or the sale of the vehicle.
    (c) The provision or sale of any goods and services like warranties, insurance and extended service contracts covered by the Contract or related to the vehicle.
    (d) The relationships resulting from the Contract.
    (e) Advertisements, promotions or oral or written statements related to the Contract.
    (f) The financing terms.
    (g) Your credit applications.
    (h) The origination and servicing of the Contract.
    (i) The collection of amounts you owe us.
    (j) Any repossession, or replevin, of the vehicle.
    (k) Your personal information.
    (l) The rescission or termination of the Contract.

"Claim" has the broadest reasonable meaning. It includes claims of every kind of nature. This includes initial claims, counterclaims, cross-claims, third-party claims, statutory claims, contract claims, negligence and tort claims (including claims of fraud and other intentional torts). However, notwithstanding any language in this Agreement to the contrary, a "Claim" does not include a dispute about validity, enforceability, coverage or scope of this Agreement (including, without limitation, the paragraph below captioned "No Class Actions or Private Attorney General Actions," the final sentence under the paragraph below captioned "Miscellaneous" and/or this sentence); any such dispute is for a court, and not an arbitrator to decide. This exclusion from the definition of a "Claim" does not apply to any dispute or argument that concerns the validity or enforceability of the Contract as a whole; any such dispute or argument is for the arbitrator, not a court, to decide.

Even if you and we elect to litigate a Claim in court, you or we may elect to arbitrate any other Claim, including a new Claim in that lawsuit or any other lawsuit. Nothing in that litigation waives any rights in this Agreement.

However, notwithstanding any language in this Agreement to the contrary, the term "Claim" does not include (i) any self-help remedy, such as repossession or sale of any collateral given by you to us as security for repayment of amounts owed by you under the Contract; or (ii) any individual action in court by one party that is limited to preventing the other party from using such self-help remedy and that does not involve a request for damages or monetary relief of any kind. Also, we will not require arbitration of any individual Claim you make in small claims court or your state's equivalent court, if any. If, however, you or we transfer or appeal the Claim to a different court, we reserve our right to elect arbitration.

**Your Right to Reject this Agreement.** **You have the right to reject this Agreement, in which event neither you nor we will have the right to require arbitration of any Claims. Rejection of this Agreement will not affect any other aspect of your Contract. In order for you to reject this Agreement, we must receive a notice in writing ("Rejection Notice") from you within 30 days of the day you enter into the Contract, stating that you reject the Agreement. Any notice received after 30 days from the Contract date will not be accepted. The Rejection Notice must include your name, address and Vehicle Identification Number (VIN). You may email the notice to arbitrationoptout@carvana.com or you may mail it to us at:** Attn. Carvana Legal, 1930 W Rio Salado Pkwy, Tempe, AZ 85281. **Emailed notices must be received by 11:59pm, Arizona time, on the 30th day from the contract date. If mailed, it must be sent via certified mail, return receipt requested. Upon receipt of your Rejection Notice, we will refund your postage cost up to $6.70. We will not refund postage cost for late notices. If the Rejection Notice is sent on your behalf by a third party, such third party must include evidence of his or her authority to submit the Rejection Notice on your behalf. If you reject this Agreement, that will not constitute a rejection of any prior arbitration between you and us.**

DocuSign Envelope ID B1106E2C-5B8A-40AF-B321-F31BD4A71441

The Authoritative Copy of this record is held at NA3.docusign.

15 USC 1693L   15 USC 1692 j
15 USC 1611   15 USC 1692 d (1)

Selection of Arbitration Administrator  Unless prohibited by applicable laws, any Claim shall be resolved, on your election or ours, by arbitration under this Agreement.

You may select as the administrator either of the organizations listed at the end of this Agreement. If we want to arbitrate, we will tell you in writing. That may include a motion to compel arbitration that we file in court. You will have 20 (twenty) days to select the administrator (or, if you dispute our right to require arbitration of the Claim, 20 (twenty) days after that dispute is finally resolved). If you do not choose an administrator within the 20-day period, we will do so.

If for any reason the administrator is unable, unwilling, or ceases to be the administrator, you will have 20 (twenty) days to choose the other organization listed at the end of this Agreement. If you do not select a new administrator within that period, we will do so. If neither organization is willing or able to be the administrator, then the administrator will be selected by the court. Notwithstanding any language in this Agreement to the contrary, no arbitration may be administered, without the consent of all parties to the arbitration, by any administrator that has in place a formal or informal policy that is inconsistent with the paragraph below captioned "No Class Action or Private Attorney General Action."

If a party files a lawsuit in court asserting Claim(s) that are subject to arbitration and the other party files a motion to compel arbitration with the court which is granted, it will be the responsibility of the party prosecuting the Claim(s) to commence the arbitration proceeding.

Location of Hearing  Any arbitration hearing you attend shall be in the federal judicial district of your residence.

No Class Action or Private Attorney General Action  Notwithstanding any language herein to the contrary, if you or we elect to arbitrate a Claim, neither you nor we will have the right to: (1) participate in a class action in court or in arbitration, either as a class representative, class member or class opponent, (2) act as a private attorney general in court or in arbitration, or (3) join or consolidate your Claim(s) with claims of any other person, and the arbitrator shall have no authority to conduct any such class, private attorney general or multiple-party proceeding. This paragraph does not apply to any lawsuit filed against us in court by a state or federal government agency even when such agency is seeking relief on behalf of a class of buyers/borrowers including you. This means that we will not have the right to compel arbitration of any claim brought by such an agency.

Notice and Cure; Special Payment  Prior to initiating a Claim, you may give us a written Claim Notice describing the basis of your Claim and the amount you would accept in resolution of the Claim, and a reasonable opportunity, not less than 30 days, to resolve the Claim. If (i) you submit a Claim Notice in accordance with this Paragraph on your own behalf (and not on behalf of any other party); (ii) you cooperate with us by promptly providing the information we reasonably request; (iii) we refuse to provide you with the relief you request; and (iv) the arbitrator subsequently determines that you were entitled to such relief (or greater relief), you will be entitled to a minimum award of at least $7,500 (not including any arbitration fees and attorneys' fees and costs to which you will also be entitled).

Fees and Expenses  An arbitration administrator and arbitrator may waive or reduce its fees for financial hardship. If you ask in writing, we will pay all administrator and arbitrator fees up to $2,500 that the administrator will not waive for any Claims you assert in good faith.

We will consider in good faith your request to pay all or part of any administrator or arbitrator fees over $2,500 ("additional fees"). To the extent we do not approve your request, if the arbitrator issues an award to you, we will still pay you for additional fees you must pay the administrator and/or arbitrator as follows:

(1) In the case of additional fees based on the amount of your Claim or the value of the relief you sought, we will pay you an amount equal to the fees you would have paid if the amount of your Claim or the value of the relief you sought had been the amount or value of the award to you.

(2) In the case of other additional fees not based on the amount of your Claim or the value of the relief you sought, we will pay you for the amount of such additional fees.

(3) If we are required to pay any greater sums under applicable law or in order for this Agreement to be enforced, we will pay such amounts.

DocuSign Envelope ID: B1106E2C-5B8A-40AF-B321-F31BD4A71441

THIS IS A COPY
The Authoritative Copy of this record is held at NA1.docusign.

We will bear the administrator and arbitrator fees we are normally required to pay and will also bear the expense of our attorneys, experts and witnesses, except where applicable law and the Contract allow us to recover attorneys' fees and/or court costs in a collection action we bring. You will bear the expense of your attorneys, experts and witnesses if we prevail in an arbitration. However, in an arbitration you commence, we will pay your reasonable fees if you prevail or if we must bear such fees in order for this Agreement to be enforced. Also, we will bear any fees if applicable law requires us to.

<u>Applicable Law, Award of Arbitrator and Right to Appeal</u> Because the Contract involves a transaction in interstate commerce, the Federal Arbitration Act ("FAA") governs this Agreement. The arbitrator shall apply applicable substantive law consistent with the FAA. The arbitrator shall apply applicable statutes of limitations. The arbitrator is authorized and given the power to award all remedies that would apply if the action were brought in court. Either party may make a timely request for a brief written explanation of the basis for the award. The arbitrator shall not apply federal or state rules of civil procedure or evidence.

Judgment on the arbitrator's award may be entered in any court with jurisdiction. Otherwise, the award shall be kept confidential.

The arbitrator's decision is final and binding, except for any right of appeal provided by the FAA. However, if the amount of the Claim exceeds $50,000 or involves a request for injunctive or declaratory relief that could foreseeably involve a cost or benefit to either party exceeding $50,000, any party can appeal the award to a three-arbitrator panel administered by the administrator, which panel shall reconsider any aspect of the initial award requested by the appealing party. The decision of the panel shall be by majority vote. Reference in this Agreement to "The arbitrator" shall mean the panel of arbitrators if an appeal of the arbitrator's decision has been taken. The costs of such an appeal will be borne in accordance with the paragraph captioned "Fees and Expenses" above.

<u>Miscellaneous</u> This Agreement survives payment of all amounts you owe, if any, under the Contract. It also survives your bankruptcy and any sale by us of your Contract.

If there is a conflict or inconsistency between the administrator's rules and this Agreement, this Agreement governs. If there is a conflict or inconsistency between this Agreement and the Contract, this Agreement governs. If a court or arbitrator deems any part of this Agreement invalid or unenforceable under any law or statute consistent with the FAA, the remaining parts of this Agreement shall be enforceable despite such invalidity. However, if a court limits or voids any part of the above paragraph captioned "No Class Actions or Private Attorney General Actions" in any proceeding, then this entire Agreement (except for this sentence) shall be null and void with respect to such proceeding, subject to the right to appeal such limitation or voiding.

This Agreement (if you do not reject) will supersede any prior arbitration agreement between you and us with respect to any Claim.

15 usc 1693L
15 usc 1611
15 usc 1692 j
15 usc 1692 d(1)

DocuSign Envelope ID  B1105E2C-5B8A-40AF-B321-F31BD4A71441

**BY SIGNING BELOW, YOU EXPRESSLY AGREE TO THE ABOVE AGREEMENT. THE AGREEMENT MAY SUBSTANTIALLY LIMIT YOUR RIGHTS IN THE EVENT OF A DISPUTE. YOU ALSO ACKNOWLEDGE RECEIVING A COMPLETED COPY OF THIS AGREEMENT.**

_Dominique keith_

_____
Customer Signature

_____
Customer Signature

By _____

Authorized Signature

Date _____ 10/29/2021 _____

15 USC 1692;
15 USC 1693L
15 USC 1691 (a)(3)
15 USC 1611
15 USC 1692d(1)

## ARBITRATION ADMINISTRATORS

If you have a question about the administrator mentioned in this Agreement or if you would like to obtain a copy of their arbitration rules or fee schedules, you can contact them as follows.

American Arbitration Association (AAA)
13455 Noel Road, Suit 1750
Dallas, TX 75240-6620
www.adr.org

J.A.M.S /Endispute
700 11th Street, NW, Suite 450
Washington, DC 20001
www.jamsadr.com/arbitration
(800) 352-5267

Exhibit C

Bridgecrest
PO Box 29018
Phoenix, AZ 85038
800-965-8029

*Exhibit C* (handwritten)

*18 usc 1961* (handwritten)
*18 usc 1962(a)* (handwritten)
2022-02-15
*18 usc 1962(b)* (handwritten)

**9207 1901 0802 0001 9457 14**

*18 usc 1962(c)* (handwritten)

*15 usc 1691(a)(3)* (handwritten)

*18 usc 1962(d)* (handwritten)
*18 usc 875(d)* (handwritten)
*15 usc 1692;* (handwritten)
*18 usc 876(d)* (handwritten)

DOMINIQUE KEITH                    S1-96-2
229 W QUEEN ST APT 14
INGLEWOOD CA 90301-1794

*15 usc 1692g(a)* (handwritten)

*15 usc 1692c(a)* (handwritten)

*Consumer Credit Nt loan* (handwritten)

## NOTICE OF INTENT TO DISPOSE AND OUR PLAN TO SELL PROPERTY   *18 usc 1951(a)* (handwritten)

RE: Credit Transaction   Retail Installment Contract
Account Number: 200124627801
Vehicle Description: 2018 BUICK ENCORE
VIN: KL4CJASBXJB714801   *my property* (handwritten)

*15 usc 1692e(4)* (handwritten)   *15 usc 1692e(5)* (handwritten)
*15 usc 1692e(6)* (handwritten)   *15 usc 1692e(10)* (handwritten)

We have your property described above, because you broke promises in our agreement. *← 15 usc 1692e(7)* (handwritten)

*15 usc 1692d(1)   15 usc 1692d(2)* (handwritten)

We will sell the vehicle described above at private sale sometime after 2022-03-08. A sale could include a lease or license.

The money that we get from the sale (after paying our costs) will reduce the amount you owe. If we get less money than you owe, you will still owe us the difference, plus interest at the interest rate listed on your contract, from the date of the sale until the date of judgment. If we get more money than you owe, you will get the extra money, unless we must pay it to someone else. *15 usc 1692f(1)   15 usc 1692f(b)(a)   15usc 1692i(B)* (handwritten)

**NOTICE: YOU MAY BE SUBJECT TO SUIT AND LIABILITY IF THE AMOUNT OBTAINED UPON DISPOSITION OF THE VEHICLE IS INSUFFICIENT TO PAY THE CONTRACT BALANCE AND ANY OTHER AMOUNTS DUE.**

You have a right to get your vehicle back and reinstate our agreement within 20 days from the date of this notice by paying the amount due at the time of the repossession (excluding any amount that would not be due except for an acceleration provision) and the actual and reasonable expenses paid as a result of the retaking and storage of the property. To reinstate our agreement and get your motor vehicle back, you must bring your account current by paying the following amounts:

| Amounts Payable to Us | |
| --- | --- |
| Total Amount(s) Past Due | $4109.04 |
| Unpaid Delinquency Charges: | $15.00 |
| Collection Expenses: | $0.00 |
| Expenses of our Retaking the Vehicle: | $350.00 |
| Expenses of our Storing the Vehicle*: | $0.00 |
| *This is the extent of the storage charges you are responsible for | |
| Amounts Presently Due to Us: | $4474.04 |

*FRAUD* (handwritten)

*15 usc 1692e(2)(a)* (handwritten)

Amounts Payable to Others:
Law Enforcement Filing Fee for Report of Repossession: $ 15.00
Pay directly to: INGLEWOOOD POLICE
1 MANCHASTER BLVD, INGLEWOOD, CA 90302

**IMPORTANT BANKRUPTCY NOTICE:** If either you, your spouse or anyone who is liable for this debt has filed bankruptcy, please contact us immediately at the number listed above to provide information regarding the bankruptcy case(s). If either you, your spouse or anyone who is liable for this debt has filed for bankruptcy, we may be stayed from selling the repossessed collateral and from attempting to collect any debt from you. If you receive a bankruptcy discharge of seek to enforce any existing security interests and liens against the repossessed collateral and other property that serves as collateral for the debt. We will continue to proceed in accordance with all applicable laws and agreements. This Notice of Disposition is for the purpose of complying with Article 9 of the Uniform Commercial Code and all applicable laws and agreements.

*15 usc 1692c(c)   15 usc 1692   15 usc 1692e(11)   15 usc 1692e(B)* (handwritten)

**THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**   S1
NOI-CA                                        1                                        Rev. 01/2022

The following information is provided to help you calculate the total amount to reinstate the contract, which is added to the Amount Presently Due to Us listed above to determine the total amount you must pay to reinstate your contract and get the vehicle back. You must pay the Amount Presently Due to Us, and if payment is being made to us on or after the date an Additional Amount Payable to Us is due, you must also pay the Additional Amount Payable to Us.

Additional Amounts Payable to Us:

| Payment(s) to come due on | 2022-02-28 | $707.00 |
|---|---|---|
| | | $ |
| | | $ |
| | | $ |

**Delinquency Charges**
(if you do not make the payment above, a late fee
will be assessed to the account on the 16th day
after the payment is due.)                                     $5.00

Other                                          $

To reinstate the contract and get the vehicle back, you must submit payment in the amount of the Amount Presently Due to Us and the Additional Amounts Payable to Us (if such amounts have come due) to Bridgecrest at PO Box 29018 Phoenix, AZ 85038, or Bridgecrest.com, or call us at 800-965-8029 to discuss other payment options. You must also submit payment of the Amounts Payable to Others listed above (the Filing Fee for Report of Repossession) to the addresses listed above. In order to receive possession of your vehicle, you must submit proof of payment of the Law Enforcement Filing Fee for Report of Repossession to Bridgecrest at PO Box 29018 Phoenix, AZ 85038. You may also call us at the number listed above to discuss other payment options.

In addition, you can redeem the motor vehicle at any time before we sell it by paying us the full amount you owe (not just the past due payments), including our expenses. As of the date of this notice, you must pay the following amounts to redeem the motor vehicle:

| | |
|---|---|
| Principal Balance: | $24566.00 |
| Accrued Interest: | $2003.54 |
| Unpaid Delinquency Charges: | $15.00 |
| Total Collection Charges: | $0.00 |
| Expenses of our Retaking the Vehicle: | $350.00 |
| Expenses of our Storing the Vehicle: | $0.00 |
| Related Expenses: | $0.00 |
| Estimated Credit for Unearned Finance Charges | $0.00 |
| Estimated Credit for Cancelled Insurance: | $0.00 |
| **TOTAL OUTSTANDING DUE:** | $26934.54 |

FRAUD

These amounts reflect what you must pay to redeem your vehicle as of the date of this notice. This amount may increase the longer you wait. To learn the exact amount you must pay to redeem the vehicle, call us at 800-965-8029 or write us at PO Box 29018 Phoenix, AZ 85038.

15 usc 1692j          15 usc 1692e(4)     18 usc 1961      18 usc 876(d)
15 usc 1692e(5)       15 usc 1692d(1)     18 usc 1962(a)   18 usc 1951(a)
15 usc 1692e(7)       15 usc 1692d(2)     18 usc 1962(b)
15 usc 1692f(1)       15 usc 1692e(6)     18 usc 1962(c)
15 usc 1692c(c)       15 usc 1692e(10)    18 usc 1962(d)
15 usc 1692e(11)      15 usc 1611         18 usc 875(d)
15 usc 1692e(2)(a)    18 usc 1341         15 usc 1691(a)(3)
                      15 usc 1692c(a)

**IMPORTANT BANKRUPTCY NOTICE:** If either you, your spouse or anyone who is liable for this debt has filed bankruptcy, please contact us immediately at the number listed above to provide information regarding the bankruptcy case(s). If either you, your spouse or anyone who is liable for this debt has filed for bankruptcy, we may be stayed from selling the repossessed collateral and from attempting to collect any debt from you. If you receive a bankruptcy discharge of seek to enforce any existing security interests and liens against the repossessed collateral and other property that serves as collateral for the debt. We will continue to proceed in accordance with all applicable laws and agreements. This Notice of Disposition is for the purpose of complying with Article 9 of the Uniform Commercial Code and all applicable laws and agreements.

**THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Bridgecrest at PO Box 29018 Phoenix, AZ 85038, or Bridgecrest.com, or call us at 800-965-8029 to discuss other payment options. You must also submit payment of the $15.00 Filing Fee for Report of Repossession to the appropriate law enforcement official where your vehicle was repossessed at INGLEWOOOD POLICE 1 MANCHASTER BLVD, INGLEWOOD, CA 90302. In order to receive possession of your vehicle, you must submit proof of payment of the filing fee to Bridgecrest at PO Box 29018 Phoenix, AZ 85038.

Upon written request, Bridgecrest will furnish a written accounting regarding the disposition of the motor vehicle after the sale. This request must be personally served on Bridgecrest at 7300 E Hampton Ave #101 Mesa, AZ 85209 or sent first-class mail, postage prepaid, or certified mail, return receipt requested, Bridgecrest at PO Box 29018 Phoenix, AZ 85038.

If you redeem the motor vehicle or reinstate the contract, the motor vehicle will be returned to you at Coastline Recovery Services Inc PO Box 88, Gardena, CA 90248 or MANHEIM CALIFORNIA 1320 N. TUSTIN AVENUE, ANAHEIM, CA 92807-1619. Please call Bridgecrest at 800-967-9712 to learn the exact location of the vehicle.

If you want us to explain to you in writing how we have figured the amount that you owe us, you may call us at 800-965-8029 or write us at PO Box 29018 Phoenix, AZ 85038 and request a written explanation. We will charge you $0.00 for the explanation if we sent you another written explanation of the amount you owe us within the last six months.

If you need more information about the sale call us at 800-965-8029 or write us at PO Box 29018 Phoenix, AZ 85038.

We are sending this notice to the following other people who have an interest in the vehicle described above or who owe money under your agreement:

None

Sincerely,

Bridgecrest

Fraud

Exhibit C

15 usc 1692-j          18 usc 1341
15 usc 1692e(5)        18 usc 1961(1)
15 usc 1692e(7)        18 usc 1962(a)
15 usc 1692f(1)        18 usc 1962(b)
15 usc 1692c(c)        18 usc 1962(c)
15 usc 1692e(4)        18 usc 1962(d)
15 usc 1692d(1)        18 usc 875(d)
15 usc 1692d(2)        18 usc 876(d)
15 usc 1692e(b)        15 usc 1692e(2)(a)
15 usc 1692e(10)       15 usc 1692c(a)
15 usc 1611            18 usc 1951(a)
15 usc 1692e(11)

**IMPORTANT BANKRUPTCY NOTICE:** If either you, your spouse or anyone who is liable for this debt has filed bankruptcy, please contact us immediately at the number listed above to provide information regarding the bankruptcy case(s). If either you, your spouse or anyone who is liable for this debt has filed for bankruptcy, we may be stayed from selling the repossessed collateral and from attempting to collect any debt from you. If you receive a bankruptcy discharge of seek to enforce any existing security interests and liens against the repossessed collateral and other property that serves as collateral for the debt. We will continue to proceed in accordance with all applicable laws and agreements. This Notice of Disposition is for the purpose of complying with Article 9 of the Uniform Commercial Code and all applicable laws and agreements.

**THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.** s

Upon written request, Bridgecrest will extend the redemption and reinstatement period for an additional 10 days. If you choose to exercise this right, you must complete this form and either personally serve the completed form on Bridgecrest to the following address: 7300 E Hampton Ave #101, Mesa, AZ 85209, or send the form by certified or registered mail, return receipt requested, to the following address: Bridgecrest PO Box 29018 Phoenix, AZ 85038. Bridgecrest must receive the form before the expiration of the reinstatement or redemption period noted above. Upon receipt of your written request within the specified time, Bridgecrest will extend the redemption and reinstatement period and the date of sale by 10 days without further notice

## REDEMPTION/REINSTATEMENT PERIOD EXTENSION REQUEST

I/We, _____

*(Please print/type name(s) of buyer(s) and any other party liable on the Contract referenced on the Notice of Intent to Dispose and Our Plan to Sell Property)*

hereby exercise my/our rights under Section 2983.2 of the Rees-Levering Motor Vehicle Sales and Finance Act to extend my/our redemption and reinstatement periods ten (10) days from the last day of the initial reinstatement and redemption dates noted on the Notice of Intent to Dispose and Our Plan to Sell Property of 2022-03-08.

X_____     X_____
Signature of Requesting Party          Signature of Requesting Party

X_____     X_____
Print/Type Name                        Print/Type Name

X_____     X_____
Date:                                  Date:

**To preserve your rights, this form must be personally served or sent by certified or registered mail, return receipt requested, to the following address:**

Personal Service                       Certified or registered mail
Bridgecrest                            Bridgecrest
7300 E Hampton Ave #101                PO Box 29018
Mesa, AZ 85209                         Phoenix, AZ 85038

**Bridgecrest must be in receipt of this fully executed form before the expiration of the initial reinstatement and redemption dates noted on the Notice of Intent to Dispose and Our Plan to Sell Property of 2022-03-08.**

15 usc 1692j        15 usc 1692e(4)       18 usc 1962(a)     Fraud
15 usc 1692e(5)     15 usc 1692d(1)       18 usc 1962(b)     15 usc 1691(a)(3)
15 usc 1692e(7)     15 usc 1692d(2)       18 usc 1962(c)
15 usc 1692f(1)     15 usc 1692e(6)       18 usc 1962(d)
15 usc 1692e(c)     15 usc 1692e(10)      18 usc 875(d)
15 usc 1692(b)(a)   18 usc 1341           18 usc 876(d)
15 usc 1692e(11)    18 usc 1961           15 usc 1692c(a)
                    15 usc 1692e(2)(a)

**IMPORTANT BANKRUPTCY NOTICE:** If either you, your spouse or anyone who is liable for this debt has filed bankruptcy, please contact us immediately at the number listed above to provide information regarding the bankruptcy case(s). If either you, your spouse or anyone who is liable for this debt has filed for bankruptcy, we may be stayed from selling the repossessed collateral and from attempting to collect any debt from you. If you receive a bankruptcy discharge of seek to enforce any existing security interests and liens against the repossessed collateral and other property that serves as collateral for the debt. We will continue to proceed in accordance with all applicable laws and agreements. This Notice of Disposition is for the purpose of complying with Article 9 of the Uniform Commercial Code and all applicable laws and agreements.

**THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

US POSTAGE $04.28°

CERTIFIED MAIL



FRAUD

18 USC 1341 Frauds and Swindles

18 USC 1461(a) Racketeering Activity

18 USC 1962(a) Prohibited Activities

18 USC 1962(b) Prohibited Activities

18 USC 1962(c) Prohibited Activities

18 USC 1962(d) Prohibited Activities

18 USC 875(d) Interstate Communications

18 USC 876(d) Mailing threating communications

15 USC 1692j Furnishing certain deceptive forms

Exhibit C

Exhibit D

*[Handwritten: FRAUD]*

## Bridgecrest

*[Handwritten annotations across top and right:]*
15 usc 1692f(8)

18 usc 1962(a)
18 usc 1962(b)
18 usc 1962(c)
18 usc 1962(d)
15 usc 1635(a)
15 usc 1635(b)
15 usc 1611
15 usc 1640
18 usc 1341
18 usc 1951(a)
12 usc 1431
15 usc 1602(p)
15 usc 1644(a)
15 usc 1635(g)
15 usc 1640
18 usc 875(d)
18 usc 1961(1)
15 usc 1692e(10)
15 usc 1692J
15 usc 1692b(3)
15 usc 1692d(1)
15 usc 1692d(2)
15 usc 1692e(2)(a)
15 usc 1691(a)(3)
15 usc 1692a(4)
15 usc 1692a(c)
15 usc 1692d(4)
15 usc 1692e(7)
15 usc 1692K
15 usc 1692c(a)
18 usc 876(d)

December 21, 2021

Dominique Lauren Keith
229 W Queen St Apt 14
Inglewood, CA 90301

**Account Number** 200124627801
**Buyer** Dominique Lauren Keith
**Co-Buyer** N/A
**Vehicle** 2018 Buick Encore

**RE: Your Letter Dated December 20, 2021**

Thank you for your recent request. ==We have reviewed your account and have verified that you still owe the amount due under the contract. Additionally, we have determined that you are still in possession of our vehicle.==

==Please contact us to make an arrangement to pay your past due balance or return your vehicle.==

If you have any further questions, please contact us at 800-967-8526. We are available from 6:00 am to 6:00 pm Arizona time, Monday through Friday, Saturday 6:00 am to 3:00 pm.

Thank you for being a Bridgecrest customer.

Bridgecrest,
Customer Service

*[Handwritten:]*
15 usc 1692e(11)
15 usc 1692e(5)
15 usc 1692e(6)

*[Handwritten: Exhibit]*  *[Handwritten: D]*

PO Box 52020
Phoenix, Arizona 85072

==This is an attempt to collect a debt. Any information obtained will be used for that purpose. If you have filed for bankruptcy, this letter is not an attempt to collect a debt and is for informational purposes only.==

## AFFIDAVIT OF TRUTH

Notice to all , I ,am that I am , the consumer in fact , natural person , original creditor , vendor, executor , administrator , holder in due course for any and all derivatives thereof for the surname/given name KEITH, DOMINIQUE ,and I have been appointed and accept being the executor both public and private for all matters proceeding , and I hereby claim that I will d/b/a DOMINIQUE,KEITH and autograph as the agent , attorney in fact, so be it ; Whereas , I of age , of majority , give this herein notice to all, I make solemn oath to the one and only most high of creation only , whoever that may be and I depose the following facts, so be it now present :

Fact , the Fair Debt Collection Practices Act is intended to eliminate abusive debt collection practices by debt collectors and to secure my right to privacy and my privacy has been breached .

Fact , the Truth in Lending Act purpose is to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uniformed use of credit ,and to protect the consumer against inaccurate and unfair credit billing and credit card practices

Fact , the Equal Credit Opportunity Act is intended to protect the applicant from any unlawful discriminatory activities from a creditor with any aspect of a consumer credit transaction .I the applicant have exercised my rights such as extending credit , Exercising my right of recission , and disputing alleged debt , as well as other rights in detail below , under title 15 chapter 41 of the Consumer Credit Protection Act  in good faith . I have been discriminated against by Carvana LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) .

Fact , this herein unrebutted affidavit of truth being serviced to you today and therefore , standing as truth in commerce , so be it , and ;

Fact, I am the consumer the natural person the original creditor pursuant to 15 usc 1602(g) Creditor as defined under the Truth in Lending Act .

Fact, CARVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) has committed fraud against me. Using fraudulent misrepresentations and fraudulent concealment during a consumer credit transaction.

Fact, please show good faith in this matter by expediting the securing of the alleged information listed on your site in order to avoid me receiving further injury , damages, mental anguish , emotional disturbance and losses due to me being a victim of identity theft , and unauthorized use of my credit card  so be it , and ;

Fact , as pursuant to 15 usc 1692a(6) BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) is a debt collector BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) uses instrumentalities of interstate commerce, mails included with the principal purpose to collect debt .

Fact, CARVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) committed fraud against me ,with fraudulent misrepresentations during a consumer credit transaction. I the consumer the original creditor the natural person entered into a consumer credit transaction on 10/27/2021 for a purchase of a vehicle which is the 2018 Buick Encore with CARVANA LLC the vehicle was delivered 10/29/2021, CARVANA LLC assigned the alleged contract which is a fraudulent deceptive form furnished as pursuant 15 usc 1692j to BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST). Thus creating a false belief in me the consumer that an alleged loan took place with the use of fraudulent misrepresentations, along with fraudulent concealment of material fact. When CARVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) had a duty to disclose the required Truth In Lending Act information .With the deceptive forms furnished and fraudulent misrepresentations CARVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) created a false belief in me the consumer that a person other than the original creditor which is me the original creditor is participating in the collection of the alleged debt when in fact such person is not so participating .

Fact, I the consumer the natural person extended the credit . As pursuant to 12 usc 1431 CARVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) do not have the power legally or lawfully to lend money or lend credit. CARVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) are not financial institutions. But the consumer credit transaction was fraudulently misrepresented as a " Loan" and fraudulently concealed with ambiguous terms and procedural unconscionability.

Fact, This was a consumer credit transaction there was no loan that took place during the consumer credit transaction federal law proves that .

Fact , CARVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) fraudulently furnished several deceptive forms of which contained ambiguous terminology that favored the drafter used to create the believe that there was a "Loan" that took place . CARVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) had knowledge of it's falsity furnishing these deceptive and fraudulent forms. With the intent of me relying on these false representations to the detriment of my privacy and consumer credit protection.

Fact, The alleged contract lacked mutual assent CARVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) were not honest and open in their dealings. These fraudulent misrepresentations caused damage to me the consumer, I relied on the omission of facts in regards to the inaccurate truth in lending information not adequately disclosed to me during the consumer credit transaction in the alleged contract .The alleged contract was presented to me on a take it or leave it basis with no real opportunity to bargain about it's terms which is adhesion. One of several facts that was intentionally omitted by CARVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) is the required disclosure of the Truth in Lending Act. Which clearly states that as pursuant to 15 usc 1605(a) "Finance Charge" is defined as the amount of the finance charge in connection with ANY consumer credit transaction shall be determined as the sum of all charges and the finance charge does not include charges of a type payable in a comparable cash transaction . Also to be included in the finance charge as pursuant to 15 usc 1605(a)(5) was a Premium , which was not disclosed to me intentionally . There was a $2,600 downpayment during the consumer credit transaction which was a fraudulent misrepresentation intended to induce me to believe that the down payment was lawful and legal in order to proceed with the consumer credit transaction .This was not a "loan" nor a cash transaction yet there was a down payment charge fraudulently imposed on the consumer credit transaction. This alleged

contract contained characteristics of adhesion with the use of reprinted and non-negotiated contract terms except for the parties ,price and length of alleged payments . CARVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) actions with this alleged contract and conduct displayed deliberate intent to deceive, with total disregard to actual facts of the consumer credit transaction and federal statues and codified regulations in place for Consumer Credit Protection. These fraud  misrepresentations by CARVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) and conduct have caused me damages , mental anguish , emotional disturbance, and impoverishment.


Fact, CARAVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) willfully and knowingly gave false and inaccurate information about the alleged required cash down payment, to induce the alleged contract and failed to disclose adequately and omitted my right to rescind the consumer credit transaction. Which is a required Truth in Lending Act disclosure as pursuant to 15 usc 1635(a) Right of Rescission. Which therefore violates the Truth in Lending Act 15 usc 1635(a) Right of Rescission and makes CARVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) civilly liable as pursuant to 15 usc 1640(a)(1) and 15 usc 1640(a)(2)(A)(i) . As well as criminal liability for willful and knowing violation as pursuant 15 usc 1611 . For giving false and inaccurate information and failing to provide information which CARVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) is required to disclose under the provisions of subchapter one of the Consumer credit protection act .

Fact, On 10/29/2021 I exercised my right to rescind the consumer credit transaction CARVANA LLC and Silver Rock Automotive ,INC received my Notice of Rescission and copy of alleged contract with each violation noted sent via certified mail with a return receipt on 11/1/2021 along with the opting out of the alleged arbitration clause and agreement .CARVANA LLC within 20 days after receipt of my notice of rescission failed and refused to return any money , downpayment or otherwise and did not take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. Which is a direct violation as pursuant to 15 usc 1635(b) Return of Money or Property following rescission .

Fact, On 11/24/2021 I made a CFPB complaint 23 days after CARVANA LLC refused to honor my right of rescission , in CARVANA LLC reply to the complaint through the CFPB CARVANA LLC fraudulently concealed and stated that CARVANA LLC did not receive my Notice of Rescission which is fraudulent and deceptive. CARVANA LLC not only received my notice of rescission via certified mail but also signed the green return

receipt acknowledging the receipt of my Notice of Rescission. Again displaying conduct which has criminal and civil liability as pursuant 15 usc 1611 Criminal liability and 15 usc 1692k civil liability and 15 usc 1640 civil liability. On 11/29/2021 CARVANA LLC received a cease and desist sent via certified mail with a return receipt .

Fact, On 12/6/2021 BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) received my Notice of Rescission as well as a cease and desist sent via certified mail with a return receipt. BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) signed acknowledging receipt of the Notice of Rescission as well as the cease and desist. On 12/28/2021 in reply to a CFPB complaint BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) collaborated with CARVANA LLC the vehicle retailer in response to refuse to honor my right and notice of rescission. Stating that I the consumer am still responsible for the amount due under the deceptive form furnished which CARVANA LLCand BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) referred to as the alleged Retail Installment Contract and Security Agreement. Which is fraudulently mispresented and further continuing to violate my consumer rights .Causing more emotional disturbance, stress in my household, and a strain on my marriage with the focus on the alleged debt and fear of impoverishment.

Fact, CARVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) fraudulently concealed it's conduct also stating that they have followed all applicable state and federal laws in the administration of the fraudulently misrepresented  "Loan". Which in fact is a fraudulent "Loan" as pursuant 12 usc 1431 BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) and CARVANA LLC has no legal or lawful power to lend credit or lend money . BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) and CARVANA LLC is not a financial institution. This was a consumer credit transaction fraudulently misrepresented as a alleged "Loan" .

Fact, BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) and CARVANA LLC violated the Equal Credit Opportunity Act since I the applicant have in good faith exercised my rights under title 15 chapter 41 of the Consumer Credit Protection Act by extending credit and exercising my right of recission,

disputing the alleged debt , asking for validation of the alleged debt which
BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries
(BRIDGECREST) and CARVANA LLC never complied with the provisions set pursuant
to 15 usc 1692g validation of debts by not providing me with the name and address of
the original creditor.

Fact, BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries
(BRIDGECREST) and CARVANA LLC violated the Fair debt Collection Practices Act
without prior consent given directly to the debt collector BRIDGECREST ACCEPTANCE
CORPORATION and its subsidiaries (BRIDGECREST) and CARVANA LLC by
communicating with me the consumer in connection with collection of the alleged debt
as pursuant to 15 usc 1692c(a) communication in connection with debt collection.
BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries
(BRIDGECREST) and CARVANA LLC violated the cease and desist by communicating
with me directly through the use of U.S. postal service delivering letters containing
threats to do harm to my property which is the vehicle and my reputation to disgrace
me. As well as indirectly communicating with me through my consumer report in
connection to the alleged debt furnishing false and inaccurate information to coerce
payment to the alleged debt. BRIDGECREST ACCEPTANCE CORPORATION and its
subsidiaries (BRIDGECREST) and CARVANA LLC violated 15 usc 1692d(1) and 15
usc 1692d(2) 15 usc 1692d(4) 15 usc 1692d(5) Harassment or abuse by engaging in
conduct to harass , oppress and abuse me the consumer in the connection with
collection of the alleged debt. By the use of repeatedly causing my telephone to ring
along with sending letters through U.S. postal service which contained threats and
profane language and means to harm my reputation with falsely reporting negative
information on my consumer report and threats to seize my property and sell it if
payment is not made on the alleged debt. BRIDGECREST ACCEPTANCE
CORPORATION and its subsidiaries (BRIDGECREST) and CARVANA LLC used false
and misleading representations which violated 15 usc 1692e(2)(a) falsely representing
the character amount and legal status of the alleged debt by stating I the consumer was
in default on the alleged loan. Violating 15 usc 1692e(4) representing and implying that
nonpayment of the alleged debt will result in seizure and sale of my property which is
not a legal or lawful action. Violating 15 usc 1692e(7) falsely implying and representing
that I the consumer have committed negative conduct in order to disgrace me the
consumer. Violating 15 usc 1692e(8) communicating to the CRA's credit information
which is known to be false including the failure to communicate that the alleged debt is
disputed. Violating 15 usc 1692(10) using false representations of the alleged debt

status and amount as well as deceptive means stating that I owe the alleged debt and theft of my property which is the vehicle. Violating 15 usc 1692e(11) failing to disclose in the initial written communication which was the alleged contract during the consumer credit transaction that BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) is a debt collector and is attempting to collect a debt and that any information obtained will be used for that purpose.

Fact, BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) and CARVANA LLC also violated 15 usc 1692i in the letter titled "NOTICE OF INTENT TO DISPOSE AND OUR PLAN TO SELL PROPERTY" mailed to me through the use of U.S. Postal service. By stating "NOTICE: YOU MAY BE SUBJECT TO SUIT AND LIABILITY IF THE AMOUNT OBTAINED UPON DISPOSITION OF THE VEHICLE IS INSUFFICIENT TO PAY THE CONTRACT BALANCE AND ANY OTHER AMOUNTS DUE ". BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) and CARVANA LLC violated 15 usc 1692j Furnishing certain deceptive forms, these certain deceptive forms are the alleged contract forms fraudulently misrepresented to me as a loan application to create the false belief in the alleged debt from the fraudulent misrepresented loan. BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) and CARVANA LLC is civilly liable as pursuant to 15 usc 1692k.

Fact, BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) and CARVANA LLC violated the Electronic Funds Transfers Act by the fraudulent transfer of funds received during the consumer credit transaction.   Which was a unauthorized electronic fund transfer from which I received no benefit as a result of the fraud and alleged debt. BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) and CARVANA LLC is criminally liable as pursuant to 15 usc 1693n and civilly liable as pursuant to 1693m.

Fact , BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) and CARVANA LLC violated the Fair Credit Reporting Act by reporting and furnishing information on my consumer report without written instructions in accordance from me the consumer to whom it relates as pursuant to 15 usc 1681b(2)Permissible purposes of consumer report. BRIDGECREST ACCEPTANCE

CORPORATION and its subsidiaries (BRIDGECREST) and CARVANA LLC is civilly liable as pursuant to 15 usc 1681n and 15 usc 1681o.

Fact, BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) also stated that I did not attempt to rescind the consumer credit transaction which is false and fraud and deceptive and constitutes as activities of discrimination as pursuant to 15 usc 1691 (a)(3) of the Equal Credit Opportunity Act since I the applicant have exercised my rights in good faith under chapter 41 title 15 .As pursuant to 15 usc 1635(g) additional relief I am demanding additional relief for violations of title 15 usc chapter 41 Consumer Credit Cost Disclosure subchapter 1 not relating to the right to rescind.

Fact, A employee of CARAVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) identifying herself as " Rebekah O" Agency Specialist in the reply to a CFPB complaint on 12/28/2021 also stated that CARAVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) allegedly validated the alleged debt which is false and deceptive as pursuant to 15 usc 1692g only I the consumer can validate the alleged debt which I deny and do not validate and refuse to pay. BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) and CARVANA LLC furthered it's fraudulent concealment with this persistence in non compliance by the debt collector and its illegal and unlawful nature to the extent that dishonest conduct and actions were clear with intent to deceive. Also these actions and prohibited activities are clear extortion as pursuant to 18 usc 1961(1) Racketeering activity. Also violating 18 usc 1962(a) with CARAVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) receiving money/income from me directly with its pattern of racketeering activity from the consumer credit transaction on 10/29/2021. Also activities attempting to through collection of an unlawful debt . " Rebekah O" Agency Specialist is in direct violation of 18 usc 1962(c) being employed by CARAVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST).

Fact, CARAVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) committed identity theft against me the consumer as pursuant to 15 usc 1681a(q)(3).With intention to deceive me committing fraud with the alleged "loan" created during the consumer credit transaction. Using my credit card as pursuant to 15 usc 1602(L) which is my social security number which is what I use to initiate the consumer credit transaction to purchase the vehicle on credit the alleged

contract refers to the consumer credit transaction forms that were deceptively furnished as a "Consumer Credit Contract" .This was not a application for the alleged "loan", this transaction was a consumer credit transaction.

Fact, CARAVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) has violated the Electronic Funds Transfers Act using my credit card as pursuant to 15 usc 1602(L) obtaining money through the fraudulent misrepresented consumer credit transaction as a alleged "loan".

Fact, BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) employee identifying herself as Rebekah O an agency specialist left a voicemail 12/22/2021 as well as called my cellular phone to discuss the alleged debt and my notice of rescission . Speaking with Rebekah O 12/23/2021 she went on futher violate my consumer rights falsely telling me that BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) will not honor my notice of rescission and state I the consumer am still responsible for the alleged debt . Again violating the Truth in Lending Act willfully and knowingly giving false information in regards to the right of recission and its process violating 15 usc 1611. Ignorance of the law is no excuse , these laws are public information .

Fact, CARAVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) also committed mail fraud as pursuant to 18 usc 1341 Frauds and swindles having devised a scheme to obtain money by means of false and fraudulent misrepresentations in the form of the alleged contract mailed to me using the United States postal service claiming and stating those forms to be the alleged validated proof of the fraudulent loan in connection with alleged debt from the consumer credit transaction. Included with those false and deceptive forms furnished, CARAVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) also returned the original notice of rescission and cease and desist and debt validation sent to CARAVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST).Stating the refusal and denial to honor my notice of rescission which is unlawful and illegal and violates federal law .

Fact, CARVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) conduct is prohibited activities is unlawful by receiving income from a unlawful debt collection and pattern of racketeering activity as pursuant

to 18 usc 1962 .CARVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) conduct is intended to extort money from me communicating by delivering through the United States postal service the false and deceptive forms containing threats to injure my reputation alleging I am still responsible for the alleged debt .

Fact, CARVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) committed theft on 2/15/2022 using a unauthorized third party that was not part of the consumer credit transaction. Trying to coerce payment towards the alleged debt violating 15 usc 1692e(4) the representation or implication that nonpayment of any alleged debt resulted in the seizure of my property. Which is not lawful or legal by the debt collector CARVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) .

Fact, BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) again committed mail fraud on 2/19/2022 by mailing through the United States postal service a letter titled "NOTICE OF INTENT TO DISPOSE AND OUR PLAN TO SELL PROPERTY" within this letter are several threats to me and my property also more fraud and intent to extort me with racketeering activities. BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) admits to the theft and threatens to sale my property unless I pay the alleged debt in full.

Fact, CARVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) conduct has damaged my household and caused mental and emotional disturbance, for my children including my husband . Having my car stolen to collect an unlawful alleged debt .

Fact, CARVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) has caused me mental anguish , injury , damages , tarnished my reputation , and losses due to its conduct and unlawful and illegal actions.

Fact, as pursuant to the Truth in lending act 15 usc 1602(g)creditor I am the original creditor the natural person the consumer . I am the natural person who regularly extends consumer credit .

Fact, as pursuant to 15 usc 1692k civil liability  BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) is civilly liable for the violations of the FDCPA.

Fact, as pursuant to 15 usc 1640 Civil liability  BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) is civilly liable for the violations of the Truth in Lending Act.

Fact, as pursuant to 15 usc 1692(4) BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) is not a creditor , but in fact a third party in the consumer credit transaction as a result of an assignment.

Fact affiant is aware and has proof in the attachment labeled as exhibits A,B,C,D that CARAVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) is in violation of 15 usc 1611

Fact affiant is aware and has proof in the attachment labeled as exhibits A,B,C,D that CARAVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) is in violation of 15 usc 1605(a)

Fact affiant is aware and has proof in the attachment labeled as exhibits A,B,C,D that CARAVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) is in violation of 15 usc 1602(p)

Fact affiant is aware and has proof in the attachment labeled as exhibits A,B,C,D that CARAVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) is in violation of 15 usc 1602(p)

Fact affiant is aware and has proof in the attachment labeled as exhibits A,B,C,D that CARAVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) is in violation of 15 usc 1691(a)(3)

Fact affiant is aware and has proof in the attachment labeled as exhibits A,B,C,D that CARAVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) is in violation of 15 usc 1692j(a)

Fact affiant is aware and has proof in the attachment labeled as exhibits A,B,C,D that CARAVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) is in violation of 15 usc 1692e(j)(b)

Fact affiant is aware and has proof in the attachment labeled as exhibit A,B,C,D that CARAVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) is a debt collector as pursuant to 15 usc 1692a(6)

Fact affiant is aware and has proof in the attachment labeled as exhibits A,B,C,D that CARAVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) is in violation of 15 usc 1692(c)c

Fact affiant is aware and has proof in the attachment labeled as exhibits A,B,C,D that CARAVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) is in violation of 15 usc 1692d(1)

Fact affiant is aware and has proof in the attachment labeled as exhibits A,B,C,D that CARAVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) is in violation of 15 usc 1692d(2)

Fact affiant is aware and has proof in the attachment labeled as exhibits A,B,C,D that CARAVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) is in violation of 15 usc 1692d(5)

Fact affiant is aware and has proof in the attachment labeled as exhibits A,B,C,D that CARAVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) is in violation of 15 usc 1692e(2)(a)

Fact affiant is aware and has proof in the attachment labeled as exhibits A,B,C,D that CARAVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) is in violation of 15 usc 1692e(4)

Fact affiant is aware and has proof in the attachment labeled as exhibits A,B,C,D that CARAVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) is in violation of 15 usc 1692e(5)

Fact affiant is aware and has proof in the attachment labeled as exhibits A,B,C,D  that CARAVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) is in violation of 15 usc 1692e(7)

Fact affiant is aware and has proof in the attachment labeled as exhibits A,B,C,D that CARAVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) is in violation of 15 usc 1692e(8)

Fact affiant is aware and has proof in the attachment labeled as exhibits A,B,C,D that CARAVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) is in violation of 15 usc 1692e(10)

Fact affiant is aware and has proof in the attachment labeled as exhibits A,B,C,D that CARAVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) is in violation of 15 usc 1692e(11)

Fact affiant is aware and has proof in the attachment labeled as exhibit B that CARAVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) is in violation of 15 usc 1693(L)

Fact affiant is aware and has proof in the attachment labeled as exhibits A,B,C,D that CARAVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) is in violation of 15 usc 1635(a)

Fact affiant is aware and has proof in the attachment labeled as exhibits A,B,D that CARAVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) is in violation of 15 usc 1635(b)

Fact affiant is aware and has proof in the attachment labeled as exhibits A,B,C,D that CARAVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) is in violation of 15 usc 1635(g)

Fact affiant is aware and has proof in the attachment labeled as exhibits A,B,C,D that CARAVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) is in violation of 15 usc 1681b(2)

Fact affiant is aware and has proof in the attachment labeled as exhibit B that CARAVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) is in violation of 15 usc 1605(a)(5)

Fact affiant is aware and has proof in the attachment labeled as exhibits A,B,C,D that CARAVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) is in violation of 15 usc 1691(a)(3)

Fact affiant is aware and has proof in the attachment labeled as exhibits A,B,C,D that CARAVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) is in violation of 18 usc 1961(1)

Fact affiant is aware and has proof in the attachment labeled as exhibits A,B,C,D that CARAVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION andits subsidiaries (BRIDGECREST) is in violation of 15 usc 1693a(12)

Fact affiant is aware and has proof in the attachment labeled as exhibit C that CARAVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) is in violation of 15 usc 1692e(4) and has committed theft using an unauthorized third party .

Fact affiant is aware and has proof in the attachment labeled as exhibits A,B,C,D that CARAVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION andits subsidiaries (BRIDGECREST) is in violation of 18 usc 1962(a)

Fact affiant is aware and has proof in the attachment labeled as exhibits A,B,C,D that CARAVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION andits subsidiaries (BRIDGECREST) is in violation of 18 usc 1962(b)

Fact affiant is aware and has proof in the attachment labeled as exhibits A,B,C,D that CARAVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION andits subsidiaries (BRIDGECREST) is in violation of 18 usc 1962(c)

Fact affiant is aware and has proof in the attachment labeled as exhibits A,B,C,D that CARAVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION andits subsidiaries (BRIDGECREST) is in violation of 18 usc 1962(d)

Fact affiant is aware and has proof in the attachment labeled as exhibits A,B,C,D that CARAVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION andits subsidiaries (BRIDGECREST) is in violation of 18 usc 875(d)

Fact affiant is aware and has proof in the attachment labeled as exhibits A,B,C,D that CARAVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION andits subsidiaries (BRIDGECREST) is in violation of 18 usc 876(d)

Fact affiant is aware and has proof in the attachment labeled as exhibits A,B,C,D that CARAVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION andits subsidiaries (BRIDGECREST) is in violation of 18 usc 1951(a)

I swear to all information provided herein, I do so under the penalty of perjury

that the information I so affirm to be true, correct, accurate to the best of my

ability and knowledge, so be it;

I do not accept this offer to contract .

I do not consent to these proceedings.

I do not require subrogation of the bond to settle the charge.

On the date of 02/23/2022 DOMINIQUE, KEITH, agent, d/b/a DOMINIQUE LAUREN KEITH came before me today present as a flesh and blood living being (non entity/non debtor) under oath to the most high of certain only and provided the facts listed herein.

Name Printed : Dominique Keith

Signature : Dominique K

CA, LOS ANGELES

Sworn to or affirmed by and subscribed before me  on the 23 day of FEB ,year 2022

Notary Name: MASUD MINARAVESH

Notary Signature: M.h



MASOUD MINARAVESH
Notary Public - California
Los Angeles County
Commission # 2322064
My Comm. Expires Mar 21, 2024

**DEFAULT & ATTEMPT TO CURE**                                      **3/9/2022**

TO : CARVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST)

FROM: DOMINIQUE KEITH

229 W QUEEN ST APT 14

INGLEWOOD, CALIFORNIA 90301

On 2/25/2022 a registered agent for CARVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) signed for acknowledgement of receiving via certified mail a cease and desist, affidavit of truth with exhibits, debt validation, invoice for $5,002,600, the copies of the original rescission notices dated 10/29/2021 to Carvana LLC and 12/2/2022 to BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST). Also a copy of the opting out of the alleged arbitration agreement and clause to silver rock automotive and CARVANA LLC dated 10/29/2021.The invoice was to be paid (3) days after the documents were received and signed for . It is now 3/8/2022 and CARVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) is now in default and has yet to return my vehicle which was stolen from me . I intend to sue this is my final warning CARVANA LLC and BRIDGECREST ACCEPTANCE CORPORATION and its subsidiaries (BRIDGECREST) is in default and I will sue if the invoice is not paid and my property is returned within (1) day after receiving this letter.

*[Handwritten annotations in margins:]*

15 usc 1692 J   15 usc 1692e(11)   18 usc 1341
15 usc 1692e(2)(A)   15 usc 1692e(5)   15 usc 1611
5 usc 1692e(7)   15 usc 1692d(1)   15 usc 1692c(3)
5 usc 1692c(c)   15 usc 1692d(2)   18 usc 1961
5 usc 1692e(11)   15 usc 1692e(6)   18 usc 1962(a)
   15 usc 1692e(10)

**Bridgecrest**

15 usc 1692f(8)   15 usc 1692b(5)

March 10, 2022

**VIA FEDEX OVERNIGHT:**
Tracking No. 776267861426

18 usc 1962(b)   15 usc 1691(a)(3)
18 usc 1962(c)   18 usc 876(d)
18 usc 1962(d)   18 usc 1451(a)
18 usc 875(d)   15 usc 1635(b)
   15 usc 1635(g)

Dominique Lauren Keith
229 W Queen St Apt 14
Inglewood, CA 90301-1794
310-341-8690

**Re: Your Correspondence Dated February 23, 2022**

Dear Ms. Keith:   *Fraud*

Bridgecrest Credit Company, LLC ("Bridgecrest") is in receipt of your correspondence dated February 23, 2022, regarding your Bridgecrest account. The nature of your correspondence appears to be of the type typically associated with the "Sovereign Citizen" or tax protestor movements. You should be aware that courts across the country have uniformly rejected defenses to payments of taxes and debts based on those theories. Some citations to authorities regarding the same follow: United States v. Hart, 701 F.2d 749 (8th Cir. 1983); United States v. Baker, No. 1:06-cr-19-jgm-1, 2013 U.S. Dist. LEXIS 130052, at *19 (D. Vt. Sep. 9, 2013); United States v. Hilgeford, 7 F.3d 1340, 1342 (7th Cir. 1993) (stating "we are again faced with a "shop worn" argument of the tax protester movement."). Your "Sovereign Citizen" claims do not alter your contractual obligations to Bridgecrest and the remaining debt due on your account, nor do the documents you provided transform your relationship with Bridgecrest from creditor/debtor to a fiduciary or other relationship. *Ignoring and refusing my right to Rescind and notice of Rescission*

You entered into a Retail Installment Contract (the "Contract") with Carvana, LLC ("Carvana"), for the purchase of a 2018 Buick Encore (the "Vehicle") on October 29, 2021. The Contract is serviced by Bridgecrest. From our review, the billing and account statements are accurate. Bridgecrest is happy to answer any questions you may have regarding your debt, and we continue to invite you to make arrangements with our Customer Service Department for you to pay the debt you owe to Bridgecrest, as you remain responsible for the deficiency balance due on your account.

Please note that Bridgecrest only accepts payment in United States currency and checks and money orders made with no endorsements, including endorsements of "payment in full" or similar language. Bridgecrest further does not accept promissory notes, letters of credit, or other such

This is an attempt to collect a debt. Any information obtained will be used for that purpose. If you have filed for bankruptcy, this letter is not an attempt to collect a debt and is for informational purposes only

1

*[Handwritten at bottom:]* Intent to deceive   Negligence   Extortion

similar documents. To be clear, your obligation to Bridgecrest is not paid. We continue to expect and anticipate that you will comply with your obligations under the Contract and Bridgecrest reserves all rights and remedies available to it.

Please let us know if you have any other questions. Thank you for contacting Bridgecrest.

Very truly yours,

Kayla Mudge

Kayla M. Mudge
Director, Legal & Compliance
1720 West Rio Salado Parkway
Tempe, Arizona 85281
Legal@Drivetime.com

18 usc 1962(d)

15 usc 1692e(3)

This is an attempt to collect a debt. Any information obtained will be used for that purpose. If you have filed for bankruptcy, this letter is not an attempt to collect a debt and is for informational purposes only

REJECTION NOTICE

10/29/2021

From : Dominique Keith

229 w Queen st Apt 14

Inglewood , Ca 90301

ATTN: CARVANA LEGAL

1930 W RIO SALADO PKWY

TEMPE , AZ 85281

I am the consumer the natural person the original creditor Dominique Keith . On 10/27/2021 I entered into a consumer credit transaction for the purchase of the vehicle VIN# KL4CJASBXJB714801 a 2018 BUICK ENCORE transaction number 2001246278.  I Dominique Keith reject the arbitration agreement and clause with this rejection notice Carvana LLC has received .

REJECTION NOTICE

10/29/2021

From : Dominique Keith

229 w Queen st Apt 14

Inglewood , Ca 90301

ATTN: CARVANA LEGAL

1930 W RIO SALADO PKWY

TEMPE , AZ 85281

I am the consumer the natural person the original creditor Dominique Keith . On 10/27/2021 I entered into a consumer credit transaction for the purchase of the vehicle VIN# KL4CJASBXJB714801 a 2018 BUICK ENCORE transaction number 2001246278.  I Dominique Keith reject the arbitration agreement and clause with this rejection notice Carvana LLC has received .

NOTICE OF RESCISSION

10/29/2021

TO: SlilverRock Automotive , Inc

P.O. BOX 29087

Phoenix, Az 85038

From : Dominique Keith

229 w Queen st Apt 14

Inglewood , Ca 90301

ATTN SilverRock Automotive, Inc

As pursuant to 15 usc 1635 Right of rescission I the consumer the natural person the original creditor Dominique Keith now exercise my right to rescind the consumer credit transaction . The date I entered into a consumer credit transaction to purchase the vehicle was on October 27 , 2021.The vehicle involved in the consumer credit transaction is a 2018 Buick Encore vin # KL4CJASBXJB714801 SilverRock Automotive, Inc never disclosed to me the consumer my right to rescind the consumer credit transaction which is a violation under the Truth In Lending Act as pursuant to 15 usc 1635(a). There were no rescission forms provided to me the consumer of my right to rescind the consumer credit transaction which also is a violation under the Truth In Lending Act as pursuant to 15 usc 1635(a). SilverRock Automotive, Inc has failed to clearly and conspicuously disclose my rights as pursuant to 15 usc 1635(a) .As pursuant to 15 usc 1635(b) within 20 days after receipt of this notice of rescission SilverRock Automotive, Inc return any money or down payment and terminate security interest created under the consumer credit transaction.



U.S. Postal Service™
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®

Phoenix AZ 85068

Certified Mail Fee $3.

Extra Services & Fees
☐ Return Receipt (hardcopy)
☐ Return Receipt (electronic)
☐ Certified Mail Restricted Delivery
☐ Adult Signature Required
☐ Adult Signature Restricted Delivery

Postage

Total Postage and Fees

Sent To Silver Rock Automotive, Inc
Street and Apt. No., or PO Box No. P.O. Box 29087
City, State, ZIP+4 Phoenix, AZ 85038

PS Form 3800, April 2015 — See Reverse for Instructions

---

U.S. Postal Service™
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®

Mesa AZ 85209

Certified Mail Fee $3.75

Extra Services & Fees
☐ Return Receipt (hardcopy)     $0.00
☐ Return Receipt (electronic)     $0.00
☐ Certified Mail Restricted Delivery     $0.00
☐ Adult Signature Required     $0.00
☐ Adult Signature Restricted Delivery

Postage $1.36

Total Postage and Fees $8.16

12/02/2021

Sent To Bridgecrest
Street and Apt. No., or PO Box No. 7300 E Hampton Ave #101
City, State, ZIP+4 Mesa, AZ 85209

PS Form 3800, April 2015 — See Reverse for Instructions

---



U.S. Postal Service™
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®

Tempe AZ 85281

Certified Mail Fee $3.75

Extra Services & Fees
☐ Return Receipt (hardcopy)
☐ Return Receipt (electronic)
☐ Certified Mail Restricted Delivery
☐ Adult Signature Required
☐ Adult Signature Restricted Delivery

Postage $8.

Total Postage and Fees $15.5

Sent To ATTN Carvana Legal
Street and Apt. No., or PO Box No. 1930 N Rio Salado Pkwy
City, State, ZIP+4 Tempe, AZ 85281

PS Form 3800, April 2015 — See Reverse for Instructions

---



U.S. Postal Service™
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®

Mesa AZ 85209

Certified Mail Fee $3.75

Extra Services & Fees
☐ Return Receipt (hardcopy)     $0.00
☐ Return Receipt (electronic)     $0.00
☐ Certified Mail Restricted Delivery     $0.00
☐ Adult Signature Required     $0.00
☐ Adult Signature Restricted Delivery

Postage $1.56

Total Postage and Fees $8.36

12/15/2021

Sent To Bridgecrest
Street and Apt. No., or PO Box No. 7300 E Hampton Ave #101
City, State, ZIP+4 Mesa, AZ 85209

PS Form 3800, April 2015 — See Reverse for Instructions

---



U.S. Postal Service™
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®

Certified Mail Fee $3.05

Extra Services & Fees
☐ Return Receipt (hardcopy)
☐ Return Receipt (electronic)
☐ Certified Mail Restricted Delivery
☐ Adult Signature Required
☐ Adult Signature Restricted Delivery

Postage

Total Postage and Fees

02/23/2020

Sent To Becky DeGeorge
Street and Apt. No., or PO Box No. 2710 Gateway Oaks Drive, Suite 150N
City, State, ZIP+4 Sacramento, California 95833

PS Form 3800, April 2015 — See Reverse for Instructions

---



U.S. Postal Service™
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®

Sacramento CA

Certified Mail Fee $3.

Extra Services & Fees
☐ Return Receipt (hardcopy)
☐ Return Receipt (electronic)
☐ Certified Mail Restricted Delivery
☐ Adult Signature Required
☐ Adult Signature Restricted Delivery

Postage $0.58

Total Postage and Fees

Sent To Becky De George
Street and Apt. No., or PO Box No. 2710 Gateway Oaks Drive Suite 150 N
City, State, ZIP+4 CA 95833

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Becky De George
CSC-Lawyers Incorporating Service
2710 Gateway Oaks Drive Suite 150N
Sacramento, California 95833

9590 9402 6448 0346 9382 54

2. Article Number (Transfer from service label)
7021 2720 0001 8176 2479

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Sait_          ☐ Agent
                  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:           ☐ No

JAN 25 2022

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ad Mail
   ed Mail Restricted Delivery
   $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Silver Rock Automotive, Inc.
P.O. Box 29087
Phoenix, AZ 85038

9590 9402 6974 1225 0040 15

2. Article Number (Transfer from service label)
7020 0640 0001 1799 8134

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Ceasar V me go_   ☐ Agent
                      ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Ceasar Vanegas         NOV - 1 202

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:           ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
   lect on Delivery Restricted Delivery
   ired Mail
   ured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

ATTN Caravan Legal
930 W Rio Salado Pkwy
Tempe, AZ 85281

9590 9402 6974 1225 0040 22

2. Article Number (Transfer from service label)
7020 0640 0001 1799 8158

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____          ☐ Agent
                     ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
_Cantras_             11/1/21

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:           ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
   Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CARVANA LEGAL + CARVANA LLC
1930 H RIO SALADO PKWY
Tempe, AZ 85281

9590 9402 6961 1225 6592 11

2. Article Number *(Transfer from service label)*

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____  ☐ Agent
                            ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

Leslie Case

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:      ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053          Domestic Return Receipt

---

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

ATTN
Bridgecrest
7300 E Hampton Ave #101
Mesa, AZ 85209

9590 9402 6961 1225 6590 75

121 0950 0000 2297 9788

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____  ☐ Agent
                            ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

Anita Simmons

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:      ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053          Domestic Return Receipt

NOTICE OF RESCISSION

12/2/2021

TO: BRIDGECREST

7300 E Hampton Ave

Mesa, Az 85209

From : Dominique Keith

229 w Queen st Apt 14

Inglewood , Ca 90301

ATTN BRIDGECREST

As pursuant to 15 usc 1635 Right of rescission I the consumer the natural person the original creditor Dominique Keith now exercise my right to rescind the consumer credit transaction . The date I entered into a consumer credit transaction to purchase the vehicle was on October 29 , 2021 , transaction #2001246278.The vehicle involved in the consumer credit transaction is a 2018 Buick Encore vin # KL4CJASBXJB714801. BRIDGECREST never disclosed to me the consumer my right to rescind the consumer credit transaction which is a violation under the Truth In Lending Act as pursuant to 15 usc 1635(a). There were no rescission forms provided to me the consumer of my right to rescind the consumer credit transaction which also is a violation under the Truth In Lending Act as pursuant to 15 usc 1635(a). BRIDGECREST has failed to clearly and conspicuously disclose my rights as pursuant to 15 usc 1635(a) .As pursuant to 15 usc 1635(b) within 20 days after receipt of this notice of rescission BRIDGECREST shall return any money or down payment and terminate security interest created under the consumer credit transaction.

CEASE AND DESIST-

It has come to my attention that BRIDGECREST has been and continues to violate my federally protected consumer rights under title 15 chapter 41 Consumer Credit Protection. On 10/27/2021 I the consumer entered into a consumer credit transaction with BRIDGECREST. 12/2/2021 I sent a Notice of Rescission to BRIDGECREST via certified mail and green return receipt. On 12/6/2021 the notice of rescission was received and signed by a Donita Simmons of BRIDGECREST.  As of 12/14/2021 BRIDGECREST has yet to respond to the notice of rescission, which violates 15 usc 1635(b) . As well as BRIDGECREST not disclosing my right to rescind the consumer credit transaction or supplying the notice of rescission forms which is a violation of 15 usc 1635(a). As pursuant to 15 usc 1611 BRIDGECREST is criminally liable for willful and knowingly violating my federally protected consumer rights and not disclosing my right to rescind. BRIDGECREST is civilly liable as pursuant to 15 usc 1640 for its conduct and individual actions. BRIDGECREST violated 15 usc 1605(a) finance charge when BRIDGECREST charged me the consumer a down payment, a finance charge is the sum total of all fees and not a payable charge as a comparable cash transaction.  As well as several violations under Truth In Lending Act and FDCPA and Equal Credit Opportunity Act . This cease and desist serves as a warning notice to stop the criminal and illegal actions and conduct. I am also demanding a audit trail . I have also opted out of the arbitration clause and agreement in the alleged contract which is a deceptive form as pursuant to 15 usc 1692j . BRIDGECREST failed in the initial written communication in what BRIDGECREST is referring to as the alleged contract to state that the communication was from a debt collector attempting to collect a debt. Which is required by federal law as pursuant to 15 usc 1692e(11).In the alleged contract there were several threats to harm my property and my reputation which is a violation of 15 usc 1692d(1) and 15 usc 1692d(2) . BRIDGECREST has called me numerous amounts time trying to coerce payments to the alleged debt . As pursuant to 15 usc 1692e(5) BRIDGECREST has made threats to take actions that BRIDGECREST cannot legally take in the alleged contract stating that if there is no payment made towards the alleged debt BRIDGECREST will repo the vehicle . Which is also a violation of 15 usc 1692f(6)(a).


Pursuant to 15 USC 1692c.(c) I am notifying you in writing that I refuse to pay this alleged debt, and I am demanding that you cease all forms of communication with me through any and all mediums.


Pursuant to 15 USC  1692c(c)(2)


I am invoking my specified remedy as a consumer, and the original creditor I am demanding all of the following:


Zero out the balance on the account


Pay the attached invoice and compensate me for every violation labeled in the attached exhibits.

Return the down payment and any money and take any action necessary or appropriate to reflect the termination of any security interest created under the consumer credit transaction. As pursuant to 15 usc 1635(b)

Grant me my title lien free

Report to the CRA's as paid in full

REJECTION NOTICE

10/29/2021

From : Dominique Keith

229 w Queen st Apt 14

Inglewood , Ca 90301

ATTN: SilverRock Automotive, Inc

P.O. BOX 29087

PHOENIX , AZ 85038

I am the consumer the natural person the original creditor Dominique Keith . On 10/27/2021 I entered into a consumer credit transaction for the purchase of the vehicle VIN# KL4CJASBXJB714801 a 2018 BUICK ENCORE transaction number 2001246278.  I Dominique Keith reject the arbitration agreement and clause with this rejection notice SilverRock Automotive, Inc has received .